LEWIS J. BENNETT et al., Respondents, v. SEBASTIAN L. PETRINO, Appellant.

**Real property — restrictive covenants — construction of covenants in conveyance restricting use of land to residence and dwelling purposes only — when words " dwelling," " dwelling house " and " house " as used in covenant apply to, and mean, the same thing and do not exclude apartment houses or restrict the buildings to dwellings for one family only.**

It is settled law that the words " dwelling house " used in restrictive covenants in conveyances of land include an " apartment house," and where building lots situated in a tract sold to be used for dwelling places were conveyed subject to covenants providing that the " tract shall be used for residence and dwelling purposes only," that " but one dwelling " shall be erected on each lot, except certain specified lots on which " two houses " may be erected, that every " dwelling house " shall be located at certain distances from the boundaries of each lot, and that no bay window shall project more than a certain distance beyond the outer line provided for a " house," the words " dwelling," " dwelling house " and " house," as used, apply to, and mean, the same thing. Therefore it cannot be held, in the absence of more specific provisions, that the provision that " but one dwelling * * * shall be erected " on each lot would prevent the owner of a house from changing it from a dwelling occupied by one family only into a house with upper and lower apartments for two families. The use of the word " dwelling " without the word " house " cannot be held to exclude an apartment house. (*Reformed Protestant Dutch Church* v. *Madison Avenue Building Co.*, 214 N. Y. 268, followed.)

*Bennett* v. *Petrino*, 204 App. Div. 901, reversed.

(Argued March 21, 1923; decided April 17, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 26, 1922, affirming a judgment in favor of plaintiffs entered upon a decision of the court on trial at an Equity Term.

*Charles L. Feldman* for appellant. The restriction under consideration merely restricts the use of the land to

" residence and dwelling purposes." (*Sonn* v. *Heilburg,* 38 App. Div. 515; *Ministers, etc.,* v. *Madison Ave. Bldg. Co.,* 214 N. Y. 268; *Hurley* v. *Brown,* 44 App. Div. 480; *Holt* v. *Fleischmann,* 75 App. Div. 597; *Roth* v. *Jung,* 79 App. Div. 1; *Bates* v. *Logeling,* 137 App. Div. 578; *Hutchinson* v. *Ulrich,* 145 Ill. 336; *Johnson* v. *Jones,* 244 Penn. St. 386; *McMurtey* v. *Phillips Ins. Co.,* 103 Ky. 308; *Jones* v. *Irvine,* 141 Mich. 377; *Rohrer* v. *Trafford R. E. Co.,* 259 Penn. St. 297.) The court below erred in construing the restrictive covenant under consideration so as to restrict the use of the premises to private use, for one family only. (*Koch* v. *Gorrey Co.,* 77 N. J. Eq. 172; *Ministers, etc.,* v. *Madison Ave. Bldg. Co.,* 214 N. Y. 268; *Skillen* v. *Smarthehurst,* 57 N. J. Eq. 1; *Levy* v. *Schrier,* 27 App. Div. 282; 177 N. Y. 297; *Booth* v. *Knipe,* 225 N. Y. 390; *Dollard* v. *Whowell,* 174 App. Div. 403; *Hutchinson* v. *Ulrich,* 145 Ill. 336; *Hurley* v. *Brown,* 44 App. Div. 480; *Holt* v. *Fleischmann,* 75 App. Div. 597; *Johnson* v. *Jones,* 244 Penn. St. 386; *McMurtry* v. *Phillips Investment Co.,* 103 Ky. 308.)

*Wallace Thayer, Paul J. Batt, Frank Gibbons* and *Percy S. Lansdowne* for respondent. " One dwelling " means a dwelling for a single family. (*Schadt* v. *Brill,* 139 N. W. Rep. 874; *Pank* v. *Eaton,* 115 Mo. App. 171; *Sanders* v. *Dixon,* 114 Mo. 229; *Boland* v. *Tyrol Inv. Co.,* 178 Mo. App. 1; *Gillis* v. *Bailey,* 17 N. H. 18; *Levy* v. *Scherer,* 177 N Y. 393; *Cobb* v. *Mayer,* 164 App. Div. 577.)

CRANE, J. This action is brought by the plaintiff and all others similarly situated asking judgment restraining the defendant from changing and remodeling his house, known as No. 214 Morris avenue, Buffalo, New York, from a dwelling to be occupied by one family, to a two-story building with upper and lower apartments to be occupied by two separate and distinct families. The

rights of the parties depend upon the restrictions imposed upon the land by the common grantor.

In 1892 the Buffalo Cement Company, Limited, was the owner in fee of all the tract of land in question, which was mapped out and divided into something over 450 building lots, as shown on a map filed in the Erie county clerk's office. This map stated that the owners intended the lots to be used for residential purposes. There was also prepared and recorded in the county clerk's office a set or series of restrictions on the use and enjoyment of the lands which were to be known as Central Park. The restrictions pointed out what land should be used for business, churches, a club, a railroad station, and what could be devoted to the establishment of small parks on the tract. Something over 400 lots were to be used as dwelling places, and at present 300 or more lots have been sold and single-family houses erected thereon.

The defendant became owner of No. 214 Morris avenue in August of 1922, and signified his intention of changing the building into a house designed for two families. His deed and property were subject to the restrictions filed by the owners as stated and which, so far as applicable, read as follows:

" Now, therefore, in consideration of the premises the said Buffalo Cement Company, Limited, does hereby agree to and with each and every person who shall be the vendee or grantee in any contract or conveyance of any of said lots, that all of such lands shall be subject to the following restrictions upon their use and enjoyment; and that in every contract or conveyance of any part or parcel thereof, these restrictions shall be embodied therein by making this agreement duly recorded a part thereof; and agrees that covenants to that effect on the part of the vendee or grantee shall be inserted therein in such form as to run with the land, and bind any subsequent estate or interest in the said land.

## " I.

" The land in the entire tract shall be used for residence and dwelling purposes only, and the usual and natural uses connected therewith, except on the lots mentioned in subdivision 2, and no nuisance or offensive use shall be maintained or allowed on any lot by the owner, tenant, occupant or servant.

## " II.

" But one dwelling and one barn shall be erected on each subdivision lot appearing on said map, excepting upon the following lots, upon which two houses and one barn may be located." Then follows a list of lots upon which " two houses and one barn" may be located. These are situate on various of the streets in the tract (including one on Morris avenue), a total of ten lots, varying in size; and eight lots which may be used for business purposes, four lots upon which churches may be erected, one lot upon which a club house may be erected, another upon which a railway station and another upon which a park may be located.

## " III.

" Every dwelling house and barn shall be located on each lot within the limits fully set forth in the schedule below, and the distances shall in all cases be understood to measure from the extreme outerline of the barn or house, the variations therefrom being provided for in Subdivision IV.

## " IV.

" No bay window shall project more than 3 feet beyond any front outer line provided for a house and shall not approach nearer than 3 feet of a side lot line.

" No piazza, porch or veranda shall extend more than 8 feet in front of the line limiting the location of the front wall of a house.

" No portion of a porte-cochere shall approach nearer than 1 foot of a side lot line, nor shall it extend in front beyond the front line of the veranda, porch or piazza.

## " V.

" Each dwelling shall be not less than two full stories in height, and shall cost:

| | | | |
|---|---|---|---:|
| If on Wood Avenue, at least | | | $4,000 |
| " " | Depew Avenue, | " | 4,000 |
| " " | Morris Avenue, | " | 4,000 |
| " " | Beard Avenue, | " | 4,000 |
| " " | Starin Avenue, | " | 4,000 |
| " " | Parkside Avenue, | " | 3,500 |
| " " | Parker Avenue, | " | 3,500 |
| " " | Main Street, | " | 3,500 |
| " " | Amherst Street, | " | 3,000 |
| " " | Wallace Avenue, | " | 3,000 |
| " " | Linden Avenue, | " | 2,500 |

## " VI.

" In the construction of all buildings and in the making of any improvement on the land of any kind, all material must be delivered and kept on the lot, back of the street line, and the streets shall be kept absolutely free and clear of the same, and of all rubbish or foreign material."

It is claimed by the plaintiffs and it has been found by the courts below that these restrictions have confined the defendant to the use of his house for one family and that he cannot remodel or use his house as a two-family apartment.

We held in *Reformed Protestant Dutch Church* v. *Madison Avenue Building Company* (214 N. Y. 268) that a dwelling house included an apartment house. If, therefore, the words of this restriction permit the defendant to erect a dwelling house, it also permits him to turn his house into an apartment, or to erect an apartment, provided that he complies with all the other restrictions as to height, location and cost.

The respondent would have us read into the restrictions a limitation confining the use of the property to a single private dwelling. As he does not find such words in

the restriction itself, the respondent necessarily relies upon the implication which is to be drawn from the words used.

The exhibits which have been submitted show that Central Park has been developed into a very fine residential section with many nice looking homes. However desirable it may be in the opinion of the owners to keep out a two-family house, the courts can only accomplish this result when the agreement which the parties have made permits it. We are necessarily confined to the words of the restriction and must give them their natural meaning interpreted in the light of decided cases.

Taking the restrictions as a whole and not finding a specific provision prohibiting the use for other than a single private dwelling for one family, can we read such an intent and purpose into the instrument?

Section I says: " The land in the entire tract shall be used for residence and dwelling purposes only and the usual and natural uses connected therewith." If this be the restriction and all there is to it, then under *Reformed Protestant Dutch Church* v. *Madison Avenue Building Company (supra)*, an apartment house could be constructed on any lot.

Section II reads: " But one dwelling and one barn shall be erected on each subdivision lot appearing on said map, excepting upon the following lots, upon which two houses and one barn may be located." In our opinion the word " dwelling " here used is not intended to mean a different building or use than that referred to and covered by the words " residence and dwelling purposes," as used in section I. The restrictions are to residence and dwelling purposes; the number of buildings for such purpose shall be one to each lot. Section I restricts the use. Section II restricts the number of the buildings or dwellings.

The respondent's case is made out very largely by the use of the word " dwelling " unconnected with the word " house."

If the words " dwelling house " had been used, it would have included apartments. We do not think that the word " dwelling " without the word " house " excludes an apartment.

If the parties drawing these restrictions had intended the words " residence " or " dwelling " or " house " to exclude an apartment, it would have been a very simple matter to have said so. No misunderstanding could then have arisen. One private dwelling or dwelling for one family would have made the restriction very clear. In the absence of such words we think that " dwelling " and " residence " and " house " apply to the same thing. It is rather a strained construction that gives to the word " dwelling " as here used a narrower significance than the words " residence " or " dwelling house."

That no such distinction is intended seems quite apparent when we turn to section III which says that every *dwelling house* and barn shall be located on a lot within certain limits. In section IV it is said that no bay window shall project more than three feet beyond any front outer line provided for a *house*. In section V we note that each *dwelling* shall be not less than two full stories in height and shall cost at least the figures there given.

Reading all these sections together we think it is quite evident that the words " residence and dwelling purposes," " dwelling," " dwelling house" and " house " mean, in this case, the same thing. As we have heretofore determined that a dwelling house includes an apartment, the restriction here also allows the defendant to change his residence or dwelling into a two-family apartment house. Of course, all the other restrictions must be complied with.

This meaning seems to have been given to similar words by courts of other states. (*Hutchinson* v. *Ulrich*, 145 Ill. 336; *Johnson* v. *Jones*, 244 Penn. St. 386; *McMurtry* v. *Phillips Investment Co.*, 103 Ky. 308; *James* v. *Irvine*,

141 Mich. 377; *Rohrer* v. *Trafford Real Estate Co.*, 259 Penn. St. 297.)

The judgments of the Appellate Division and the Trial Term should, therefore, be reversed, and the complaint dismissed, with costs in all courts to the appellant.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MC-LAUGHLIN and ANDREWS, JJ., concur.

Judgment accordingly.