Spotswood D. Bowers, Plaintiff, *v.* Fifth Avenue and Seventy-seventh Street Corporation, Defendant.

Supreme Court, New York Special Term, April 25, 1925.

Deeds — restrictive covenant — covenant against erection of other than " ordinary first-class dwelling " is not violated by erection of fourteen-story apartment house.

A covenant in a deed executed in 1871 against the erection of any structure other than an " ordinary first-class dwelling " is not sufficient in limitation to prevent the erection of a fourteen-story apartment house designed for fourteen families; the word " ordinary," rather than giving the restriction an additional limitation, reduces it as to first-class dwellings.

Action involving construction of restrictive covenant in deed.

*Laughlin, Gerard, Bowers & Halpin* [*Spotswood D. Bowers* and *Stewart W. Bowers* of counsel], for the plaintiff.

*Dean, King & Smith*, for the defendant.

Lydon, J.:

This case involves the question of whether a restrictive covenant created in 1871 against the erection of anything other than an " ordi-

nary first-class dwelling " is violated by the erection of a fourteen-story apartment house designed to house fourteen families. The plaintiff claims that the restrictive covenant imposed by a deed dated October 12, 1871, made by Uriah F. Rogers and wife to John D. Crimmins conveying certain property now in part owned by the plaintiff, is violated by the erection of the defendant's apartment house. At the time of the conveyance Uriah F. Rogers and his wife owned the property now owned by the defendant, which was not conveyed until after the property now owned by the plaintiff had been conveyed to John D. Crimmins. The covenant reads as follows: "And the said respective parties of the first and second parts to this indenture of conveyance do hereby covenant and agree to and with each other and to and with their and each of their respective heirs, executors, administrators and assigns, that there shall not at any time or times hereafter be erected or built any stable or stables or other structure than ordinary first-class dwellings upon any part of the lands or premises comprised within the following boundaries, that is to say, on the west by Fifth avenue, on the south by the center line of the block between Seventy-sixth and Seventy-seventh streets, on the north for the distance of two hundred twenty feet in an easterly direction from the said easterly side of Fifth avenue."

The plaintiff's contention is that the use of the words " ordinary first-class dwellings " distinguishes this covenant from the one passed upon by the Appellate Division, First Department, and the Court of Appeals in the case of *South Church* v. *Madison Ave. Bldg. Co., Inc.* (163 App. Div. 359; affd., *sub nom. Reformed Protestant Dutch Church* v. *Madison Ave. Bldg. Co.,* 214 N. Y. 268). I cannot agree with the plaintiff that there is any additional limitation, as he claims, by the use of the word " ordinary." In fact, the word " ordinary " reduces, if anything, the restriction as to first-class dwellings. As was said by the Court of Appeals in that case: " It seems very clear that the simple term ' dwelling house ' used in this covenant is broad enough to include and permit an apartment house. We require little aid from dictionaries or decisions to enable us to see that within the ordinary meaning of language a dwelling house is a house or structure in which people dwell and such, concededly, are the character and purpose of an apartment house. There is no way in which we can fairly engraft upon these particular words considered by themselves any further limitations of definition which would make a structure used for ordinary dwelling purposes more or less a dwelling house merely because of the number of people who dwelt in it."

And the Court of Appeals in the same case further said: " But

the people who made the contract knew of the developments through which dwelling houses had passed before attainment of the houses which then largely prevailed in the quarter in question, and of course they must be assumed to have foreseen that still further development and changes must occur."

The rule of construction of covenants of this character is well settled that unless there is specific language, such as "for the use of one family," or "of the type now prevailing," or other specific limitation, that general words such as "dwelling houses" or "first-class dwelling houses" do not limit to dwelling houses of the type prevailing at the time of the execution of the covenant, but include any structures used for residential purposes as developed by changing conditions. (*South Church* v. *Madison Ave. Bldg. Co., Inc., supra.*)

The plaintiff, furthermore, insists that there is no change in the general character of the neighborhood and that because on Seventy-seventh street, between Madison and Fifth avenues, there are no apartment houses or structures other than private dwellings, the fact is established that the neighborhood is one exclusively for private dwellings. This is an extremely limited definition of the word "neighborhood." The evidence shows that there are numerous apartment houses within a few blocks of the plaintiff's property and in the same block, to wit, between Seventy-sixth and Seventy-seventh streets on Fifth avenue. There is a one-family private dwelling house on the northeast corner of Fifth avenue and Seventy-sixth street, and adjoining the same is a seven and nine-story apartment house which was completed in November, 1923, adjoining which on the north is an excavation for a fourteen-story apartment house, the rear portion of which adjoins a portion of the premises now owned by the plaintiff, but is situated wholly on the south one-half of the block between Seventy-sixth and Seventy-seventh streets.

I doubt very much that the plaintiff's contention that the neighborhood has not in any way changed can be sustained, but, aside from that, the fact that the covenant is not sufficient in limitation to prevent the erection of an apartment house on the land in question, it necessarily follows that judgment must be for the defendant and the complaint dismissed. Findings have been passed upon. Submit decision on notice.