ROBERT NEWTON CRANE et al., complainants,

*v.*

ELIZABETH HATHAWAY, defendant.

[Filed March 22d, 1926.]

**Conveyances—Restrictive Covenants—Covenant is That Only One Dwelling-House and Private Garage Shall Occupy Each Lot— Building Consisted of a Building to Which Had Been Added Two "Shacks" in Such a Way as to Make an Actual Consolidation, Not Two Buildings in Close Juxtaposition—Two Families Occupied it Though Arranged for Only One—Held, That it was Not Two Houses nor a Two-Family House.**

On final hearing.

*Mr. Robert Newton Crane,* for the complainants.

*Mr. Ira F. Smith,* for the defendant.

BUCHANAN, V. C.

Complainants sue to restrain an alleged violation by defendant of a community scheme restrictive covenant, the two parties being adjoining lot owners. The covenant is "that only one dwelling-house and a private garage shall occupy this property" (*i. e.,* each lot).

There was originally on defendant's lot a one-and-a-half or two-story frame house or bungalow of five rooms—kitchen, dining-room, living-room and two bedrooms. To this she has joined two two-room "shacks" so as to make the whole consolidated physical structure under one continuous roof, the result being the addition of three bedrooms and a toilet or bath room to the original structure. Those exterior walls of the two added buildings, which would have made double walls at the sides of contact, were eliminated so that there

was an actual consolidation, and not a mere placing of the two buildings in close juxtaposition to the original dwelling.

The locality is a summer resort. At the end of last summer the structure was for some weeks rented to two separate tenants or sets of tenants, one set occupying the original dwelling and the other set occupying the added three rooms.

Complainants contend that the present structure is not a single structure, and secondly, that even if it be a single structure, it is a two-family house, and that that is proscribed by the covenant.

On the questions of fact the evidence is clear that the consolidated structure is not a collocation of two or three houses, but "one dwelling-house;" that the situation in that behalf is no different from what it would have been if the added rooms had been the result of new construction instead of the utilization of the other buildings.

The evidence fails to show that this dwelling-house is a "two-family" house; on the contrary, I think it shows that it is only a one-family house, notwithstanding that it was occupied by two families at the same time. Many occupants of unquestioned one-family houses rent the upper floor (or other portions) of the house to a separate family for separate use, and in the case of practically all single family houses (of sufficient size) this could be done, but that, obviously, does not change the essential character of the house.

Furthermore, even if the house in question were admittedly a two-family house, complainant would not be entitled to the restraint he seeks. The covenant provides only that not more than one dwelling-house shall be erected on the lot. It does not say that that dwelling-house may not be a two-family house, nor that such house may not be occupied by more than one family; neither can it be said that by clear (or even probable) inference the meaning of the covenant extends any further than ordinary meaning of its actual verbiage.

It is possible that the common grantor intended by this covenant to prohibit the construction or maintenance upon

the lot of any house which should be designed to be occupied by more than one family, or which should, in fact, be occupied by more than one family; but it is, to say the least, not clear that such was the intention. That being so, the court cannot, and will not, say that the covenant is to be so construed. *Fortesque* v. *Carroll, 76 N. J. Eq. 583* (a case which is also, in respect to its facts, quite strongly analogous to the present case).

The bill must be dismissed, with costs.