WALTER PIERSON, Appellant, *v.* RELLSTAB BROTHERS, INC., Respondent.

Second Department, January 14, 1927.

**Deeds — restrictive covenants — covenant in deed made in 1888 prohibited erection on lot of building other than house to be used only as dwelling — said restriction is not violated by construction of apartment house.**

A restriction in a deed, given in 1888 for a lot in the village of New Rochelle which prohibited the erection on the lot of any building other than one house to be used as a dwelling, is not violated by the alteration of a dwelling thereon in such manner as to make a high class apartment house in which a number of families will dwell.

APPEAL by the plaintiff, Walter Pierson, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Westchester on the 24th day of May,

·1926, upon the decision of the court rendered after a trial at the Westchester Special Term.

*John H. Jackson* [*William A. Moore* with him on the brief], for the appellant.

*Martin J. Tierney*, for the, respondent.

Judgment unanimously affirmed, with costs, on opinion of Mr. Justice TAYLOR at Special Term.

Present — KELLY, P. J., MANNING, YOUNG, KAPPER and LAZANSKY, JJ.

The following is the opinion of the court below:

TAYLOR, J. The restrictive covenant in this case was imposed in 1888 upon lands in New Rochelle, then a more rural community than at present. Undoubtedly, we may suspect that the party originally imposing it,. as well as the grantee, contemplated a high class residential development rather than one of multi-family houses. Whatever we may suspect was the intention, unless it is contained in the express language of the covenant itself or is legally inferable therefrom, such suspected intention may not be given effect. The court may not read into the covenant anything which the parties did not place therein. There was language enough extant and available to the parties, if actually they had desired to make the restriction more onerous than they did make it by the express provisions thereof. As far as germane to this inquiry, the restriction prohibits the erection " on said lot " of " any building other than one house to be used only as a dwelling  *  *  * except the usual outhouses  *  *  *." ·The cost of the dwelling and a certain setback, *inter alia*, were prescribed and manufacturing and business were in effect prohibited, together with certain nuisances. Nothing was contained within the four walls of the covenant as to the character of the dwellings which might be erected thereon. The covenant, which was wholly unambiguous, did not in any respect prescribe the character of the " dwelling," and it contained no express, and I hold that there was no implied, limitation upon the number of families which might occupy it. The defendant's " dwelling," as altered, is to be a high-class apartment house in which a number of families will dwell. The contemplated rental per room per month is, comparatively speaking, large. Such an apartment house is contemplated by the language of the covenant in the instant case, even though we may suspect that the original landowner in 1888 may not have contemplated the apartment house. Under recent authority I determine that the plaintiff has

established no violation of the covenant by the defendant. (*Reformed P. D. Church* v. *Madison Ave. Building Co., Inc.*, 214 N. Y. 268; *Bennett* v. *Petrino*, 235 id. 474.) The plaintiff contends that a learned colleague's determination denying the defendant's motion for judgment in defendant's favor upon the pleadings, is sufficient to warrant, or even compel, a judgment in favor of the plaintiff in this case. As I read his memorandum deciding that motion, however, his view was that the interests of justice required a deliberate trial of the issues after a full hearing rather than a more summary disposition of the case upon the pleadings. At all events, I determine that the decisions of our highest court, above cited, are controlling. They militate conclusively, in my opinion, against the soundness of plaintiff's theory that the defendant's altered building, which is concededly an apartment dwelling house, violates the restriction. I hold that it does not. It is true that for years only one-family dwellings were erected in this restricted park. If the covenant were ambiguous, the said use by the occupants of the restricted plots might be helpful in ascertaining their real intention. That such claimed practical construction of the covenant may not be indulged in, as far as the situation presented in this case is concerned, is not at all doubtful; because our Court of Appeals, in another litigation, in effect has determined the question adversely to the plaintiff here. I quote from the language of Hiscock, J., in *Reformed P. D. Church* v. *Madison Ave. Building Co., Inc.* (214 N. Y. 268, 273, 274): " Possibly a party who was endeavoring to erect a building which was objected to as violating some covenant of uncertain meaning might under certain circumstances give evidence that buildings like this had been erected in a neighborhood under the same restriction without objection as indicating a common understanding of what the restriction meant. But it is much more doubtful whether evidence would be permissible that people had not exercised certain rights as a means of proving that they did not possess the rights when such failure of exercise might be entirely due to other causes. But aside from this, of course the rule of practical construction is only applicable when the language which is the subject of construction is of dubious meaning and that we do not believe to be the case here. We think the words ' dwelling house ' are of too plain and certain a meaning to permit their interpretation to be governed by evidence of what people have done or thought under or about them."

This reasoning applies with great force to the situation in the case at bar. Upon the whole case I find that the plaintiff has established no cause of action, and that the defendant is entitled to a judgment dismissing the complaint of the plaintiff upon the

merits but under all the circumstances disclosed in the record, I direct that such judgment in favor of the defendant shall be without costs.

Decreed accordingly. Settle decision and judgment on notice. The plaintiff will kindly present requests to find, if so advised, and I will pass upon the same at the time of the settlement of the decision.