36 So.2d 483

**BEAR et al. v. BERNSTEIN.**

**3 Div. 495.**

Supreme Court of Alabama.

July 31, 1948.

Bernard Lobman, of Montgomery, for appellee.

Carl W. Bear and Meader, Jones & Murray, all of Montgomery, for appellants.

SIMPSON, Justice.

The question is, does a restrictive covenant in a deed providing that the land shall be "used only for residential purposes * * * and that only one residence shall be erected on * * * [the] lot" prohibit the erection of a duplex or four-unit apartment house.

The cases are in irreconciliable conflict, some courts holding that such character of restriction is against plurality of use or occupancy, while others take the view that it is against plurality of houses or buildings.

While a number of courts hold to the first view, as did the learned trial court in this case, we think the latter view gives more scientific application to well-known canons of construction. In fact, it is argued that this court has committed itself, impliedly at least, to such a view. Virgin v. Garrett, 233 Ala. 34, 169 So. 711.

That case held in regard to a covenant that the lot should be used for residential purposes only:

"* * * The restriction is construed strictly against the grantor. It here only limits the use to residence purposes, and does not prohibit the erection of more than one house for that purpose, nor prescribe the sort of house or require that it shall be for a private residence.

"We think the rule is well expressed in Bowers v. Fifth Avenue & Seventy-Seventh Street Corporation, 125 Misc. 343, 209 N.Y.S. 743, 744, to be that 'unless there is specific language, such as "for the use of one family," or "of the type now prevailing," or other specific limitation, that general words such as "dwelling houses" * * * do not limit to dwelling houses of the type prevailing at the time of the execution of the covenant, but include any structures used for residential purposes as developed by changing conditions.'" 233 Ala. 39, 169 So. 714.

The Bowers case there quoted from, in line with the former holdings of the New York courts, reaffirmed the principle, which has been consistently adhered to in that jurisdiction, that a covenant of the character now under consideration did not exclude plurality of use or occupancy of a residential building or limit its use to a one-family or single residence unit. So, perhaps the argument that this court impliedly approved the doctrine is tenable.

Some annotators have also construed our holding in the Virgin case as supportive of this view, as will be observed in 7 Thompson on Real Property (Permanent Ed., Revised), § 3585, p. 71, where is the observation: "A covenant to erect only a single dwelling on a lot in a city block does not prohibit the erection thereon of an apartment-house designed for the use of several families," citing among other cases Virgin v. Garrett, supra.

■ Regardless, though, of the implications of the Virgin case, we think the cases adverse to the position that such character of restriction excludes plurality of use or occupancy have failed to properly measure such a covenant or reservation by recognized legal standards. Though it is the duty of the courts to give full force and effect to any restraint placed on the use of property intended by the parties, the rule is that restrictions against its free use and enjoyment are not favored in law (26 C.J.S., Deeds, § 162, page 508) and being in derogation of such right, are to be strictly construed against the enforcement thereof. 7 Thompson on Real Property, p. 52, § 3568; 26 C.J.S., Deeds, § 163, notes 16, 18, page 513.

■ Where the language of the restriction is clear and unambiguous it will, of course, be given its manifest meaning, but its construction will not be extended by implication or include anything not plainly prohibited and all doubts and ambiguities must be resolved against the party seeking enforcement. 7 Thompson on Real Property, p. 52, § 3568; 26 C.J.S., Deeds, § 163, notes 16, 18, page 513.

The fact that eminent courts of our country have entertained diametrically opposing views as to the intent and meaning of such character of restriction but makes it apodictic that such a covenant is to the judicial mind ambiguous and doubtful and emphasizes the necessity of calling into play these well-known rules of construction, resulting in resolving the am-

biguity and doubt against the appellee who here seeks to enforce the restraint.

■ To hold to the other view could produce a situation where even though the structure be only a one-unit residential building, an interpretation could easily be implied to require that only one family reside therein or perhaps that not even the erection of a servant's house would be permitted. The difference under such view would only be one of degree and we are unwilling to commit this court to such a proposition. Had the grantor desired to restrict the use of the property to a single-family residence or one private residence or to prohibit the erection of a two or four-unit residential apartment house, it would have been an easy task to have so worded the restriction in clear and unambiguous language. Such is the requirement of the law and failing, the courts should not extend, by construction, the restraint beyond its proper scope by writing into it what is not clearly inhibited.

The courts of a number of other jurisdictions, and probably the clearest current of opinion and better reasoned, have taken the same view. Hamm v. Wilson, 169 Ga. 570, 151 S.E. 11; Bowers v. Fifth Avenue & Seventy-Seventh Street Corporation, 125 Misc. 343, 209 N.Y.S. 743; Crane et al. v. Hathaway, 132 A. 748, 4 N.J.Misc. 293; Minister, etc., Reformed Protestant Dutch Church Garden St., in City of New York v. Madison Avenue Bldg. Co., Inc., 214 N.Y. 268, 108 N.E. 444, L.R.A.1915F, 651; Pierson v. Rellstab Bros., 219 App. Div. 552, 219 N.Y.S. 404; Id., 246 N.Y. 608, 159 N.E. 671; Bennett v. Petrino, 235 N.Y. 474, 139 N.E. 578; Hutchinson et al. v. Ulrich, 145 Ill. 336, 34 N.E. 556, 21 L.R.A. 391.

The Supreme Court of Georgia, Chief Justice Russell writing, in Hamm v. Wilson, supra, gives the following exposition of the principle, which impresses us and leads to the same conclusion:

"A restrictive covenant in a deed of conveyance, stipulating that 'the lot shall not be subdivided, and only one residence shall be erected on each lot,' is not broken by the building of a separate dwelling house on either lot, * * * so there is no breach of the covenant that 'only one residence shall be erected on each lot.'

"The judge of the superior court based his ruling in this case upon the ground that an apartment house is more than one residence, and therefore the restriction mentioned above would be violated by the erection of an apartment house. In Hamm v. Wilson, supra, this court held that an apartment house consisting of more than one section was nevertheless a residence, and that a provision restricting the use of a lot to residence purposes was not violated by the erection of one or more residences for use by different occupants, although the building as a whole was covered by the same roof. A restriction that 'only one residence shall be erected on each lot,' under a well-settled rule, will not be extended beyond its plain meaning. The language of the restriction in this case makes no reference to anything except the nature of the building and the limitation of one building on each lot. An apartment house is only one building. It is a residence building only, designed, it is true, for the occupancy of more than one resident, but the entire building is restricted to residential purposes; and if the grantor had so desired, a restriction could easily have been framed which would have debarred the erection of an apartment house upon any or all of the lots." 151 S.E. 12.

Another apposite statement emphasizing the application of the rule of construction that a restraint on the free use of land, couched in doubtful terms, must be resolved in favor of the right to the unrestricted use of the property and against its enforcement, and leading to the same result here attained, is the case of Bennett v. Petrino, supra, where the Court of Appeals of New York, in construing certain building restrictions limiting the erection on the lot to "residence and dwelling purposes" and "one dwelling * * * on each * * * lot," said:

"If the words 'dwelling house' had been used, it would have included apartments. We do not think that the word 'dwelling' without the word 'house' excludes an apartment.

"If the parties drawing these restrictions had intended the words 'residence' or 'dwelling' or 'house' to exclude an apartment, it would have been a very simple matter to have said so. No misunderstanding could then have arisen. One private dwelling or dwelling for one family would have made the restriction very clear. In the absence of such words, we think that 'dwelling' and 'residence' and 'house' apply to the same thing. It is rather a strained construction that gives to the word 'dwelling' as here used a narrower significance than the words 'residence' or 'dwelling house.'

\*       \*       \*       \*       \*       \*

"Reading all these sections together, we think it is quite evident that the words 'residence and dwelling purposes,' 'dwelling,' 'dwelling house' and 'house' mean, in this case, the same thing. As we have heretofore determined that a dwelling house includes an apartment, the restriction here also allows the defendant to change his residence or dwelling into a two-family apartment house. Of course, all the other restrictions must be complied with." 139 N.E. 580.

We think the reasoning of these cases expounds a sounder theory, so the decree of the trial court is reversed and the cause remanded.

Reversed and remanded.

All the Justices concur.