JONES, Justice.
This appeal challenges the trial Court’s grant of injunctive relief arising out of alleged violations of restrictive “land use” covenants. We affirm.
The facts show, by way of stipulation, that the Appellants erected and maintained on their lot two metal outbuildings, in the nature of “utility” buildings, for the storage of lawn and garden tools and equipment.
In the duly recorded “Protective Covenants,” under the heading “Land Use and Building Type,” appears the following language:
“No lot shall be used except for residential purposes. No building shall be erected, altered or placed or permitted to re *645 main on any lot other than one detached single family dwelling not to exceed two and one half stories in height, and a private garage for not more than three cars.”
Appellants, through counsel, readily admit that, standing alone, this provision is fully supportive of the injunctive relief granted below. They say, however, that because of additional language under the heading “Temporary Structures,” “there is at least an ambiguity insofar as the intent of the covenants.” This additional language reads:
“No structures of a temporary character, trailer, tent, shack, garage, barn or other out building shall be used on any lot at any time as a residence, either temporary or permanent.”
The ambiguity, urge the Appellants, consists in the:
“. . . grammatical inconsistency between two provisions of the restrictive covenants. It is submitted that the covenant which deals with land use and building type is inconsistent with the covenant which deals with temporary structures . the inclusion of the covenant dealing with temporary structures not only indicates but proves beyond question that the covenants as a whole contemplate the use of temporary structures. Otherwise, it would be unnecessary to restrict the use of those structures to prohibit their use as a residence either temporarily or permanently.
“The temporary structures covenant would be superfluous if it had not been contemplated at the time the restrictive covenants were imposed that such structures as those maintained by appellants would in fact be used in conjunction with the use of the residential dwelling house described in the land use and building type covenant.”
Our resolution of the issue here presented, within the limited context of the single argument urged for reversal, is guided by well-established canons of construction. In Bear v. Bernstein, 251 Ala. 230, 36 So.2d 483 (1948), the Court held:
“Where the language of the restriction is clear and unambiguous it will, of course, be given its manifest meaning, but its construction will not be extended by implication or include anything not plainly prohibited and all doubts and ambiguities must be resolved against the party seeking enforcement.” 251 Ala., at 231, 36 So.2d at 484.
A restatement of the rule appears in Laney v. Early, 292 Ala. 227, 292 So.2d 103 (1974):
“ ‘. . . While such provisions in deeds are not construed to create restrictions beyond the fair and natural meaning of the words used, read in the light of the circumstances under which they were used, they will be enforced according to their fair and natural meaning, in the absence of fraud or mutual mistake . . 292 Ala., at 231, 292 So.2d 103 [at 106].
Applying these principles of construction, we agree with the holding of the trial Court that the pertinent language of the restrictive covenant is clear and unambiguous.
Though ingenious in its concept, reference to the “Temporary Structure” paragraph, as a means of invoking the rule of strict construction against such covenants, does not render the restrictive language less clear nor impugn with doubt its manifest intent. The “Land Use and Building Type” covenant, in clear and unambiguous terms, prohibits the erection and use of any building on the subject lot other than one detached family dwelling and a private garage. The test of Bear is met.
That the “Temporary Structure” section is totally inapplicable, and thus irrelevant, to the situation before us may be illustrated by several hypothetical situations, one of which will suffice to make the point:
Suppose the purchaser of a lot in the subject subdivision undertook the construction of a single family residence as contemplated by the “Protective Covenants.” The “Temporary Structures” provision would prohibit his use of a “trailer, tent, shack, garage, barn or other out building” as a *646 residence pending the completion of the dwelling.
Finding separate fields of operation for the separate and distinct provisions, and thus no inconsistency or ambiguity, we hold that the clear and plain language of the restrictive covenant is enforceable.
AFFIRMED.
TORBERT, C. J., and MADDOX, SHORES and BEATTY, JJ., concur.