This is an appeal from a summary judgment granted by the Circuit Court of Houston County in favor of the defendants. This action was brought by four individuals (the Smith group), who are property owners in Choctawhatchee Hills-West Subdivision, Phase Two (Choctawhatchee Hills) in Houston County, Alabama, seeking to enforce subdivision restrictions against L.C. Hines and others (Hines).
The facts are uncontroverted. All the land in Choctawhatchee Hills is subject to building restrictions. Paragraph # 1 of the restrictions states in pertinent part: "No building shall be erected, altered, placed or permitted to remain on any lot other than one detached single family dwelling of not less than 1,100 square feet and a private garage for not more than two cars." Hines constructed a house in Choctawhatchee Hills which does not have a garage. The Smith group filed this action to force Hines to construct his house in accordance with the provisions of the subdivision restrictions, which they contend necessitated his constructing a garage. Hines then filed a motion to dismiss, alleging that the Smith group had failed to state a cause of action upon which relief could be granted. The trial court elected to treat Hines's motion to dismiss as a motion for summary judgment and set it for a hearing on January 11, 1982. At that time, the parties joined issue on the question of whether the particular restriction which the Smith group sought to enforce did in fact require houses constructed in Choctawhatchee Hills to include "a private garage for not more than two cars." The trial court ruled that the restriction was capable of more than one construction, and, adopting the least restrictive construction, ruled that garages were optional and that Hines was entitled to judgment as a matter of law. The court granted summary judgment and this appeal followed.
The dispositive issue on appeal is whether the relevant building restriction "and a private garage for not more than two cars" *Page 1017 
can be interpreted to mean that garages are optional. We hold that it can be interpreted to mean that garages are optional and affirm the judgment of the trial court.
The leading or controlling case in the construction of restrictive covenants is Bear v. Bernstein, 251 Ala. 230,36 So.2d 483 (1948). In that case this Court stated:
 Though it is the duty of the courts to give full force and effect to any restraint placed on the use of property intended by the parties, the rule is that restrictions against its free use and enjoyment are not favored in law (26 C.J.S., Deeds, § 162, page 508) and being in derogation of such right, are to be strictly construed against the enforcement thereof. 7 Thompson on Real Property, p. 52, § 3568; 26 C.J.S., Deeds, § 163, notes 16, 18, page 513.
 Where the language of the restriction is clear and unambiguous it will, of course, be given its manifest meaning, but its construction will not be extended by implication or include anything not plainly prohibited and all doubts and ambiguities must be resolved against the party seeking enforcement. 7 Thompson on Real Property, p. 52, § 3568; 26 C.J.S., Deeds, § 163, notes 16, 18, page 513.
Bear v. Bernstein, 251 Ala. 230 at 231, 36 So.2d 483 at 484 (1948).
Appellants contend that the phrase "and a private garage for not more than two cars" is unambiguous and mandates that all houses constructed in Choctawhatchee Hills must include a garage. Our analysis of the restrictive covenant convinces us that the questioned phrase is much too ambiguous to permit its utilization to the detriment of Hines. The intent of the drafter cannot be ascertained from the four corners of the document. The covenant is capable of at least three constructions: one requiring the construction of a garage for not more than two cars, the second limiting any garage which is constructed to one for not more than two cars, and the third, that detached garages will be permitted if they are for not more than two cars.
Bear v. Bernstein, supra, stands for the principle that an ambiguous phrase is construed in a manner that is least restrictive to the landowner. Here, the least restrictive construction of the phrase "and a private garage for not more than two cars" is that garages are optional, but any garage which is constructed must be limited to one for not more than two cars.
The language of the questioned phrase does not, in clear, unambiguous terms, mandate that each house constructed in Choctawhatchee Hills include a garage for not more than two cars. Thus, we hold that under the restriction at issue in this case, garages are optional, and we affirm the judgment of the trial court.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.