■ In the Matter of MEADOWDALE ASSOCIATES, Appellant, v PLANNING BOARD OF THE TOWN OF COLONIE, Respondent.— Yesawich, Jr., J. Appeal from an amended judgment of the Supreme Court (McDermott, J.), entered August 5, 1986 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to prohibit respondent from acting in excess of its jurisdiction or, alternatively, to direct it to render a decision with regard to petitioner's conceptual site plan application.

Petitioner owns an irrevocable option to purchase approximately 20 acres of land in the Town of Colonie, Albany County, upon which it seeks to construct a 206-unit apartment complex. Toward that end, as required by Colonie Town Code § 190-29, petitioner submitted a conceptual site plan to the Town's Engineering and Planning Services Department for approval. At respondent's December 17, 1985 meeting, submission of the plan was noted and further action deferred pending review and comment from other town agencies. Although the bulk of the parcel is zoned residence B-3, permitting of 12 apartments per acre, a portion thereof is zoned A-2, precluding location thereon of buildings and parking areas. Apparently in an effort to comply with this prohibition, petitioner presented revised concept plans to respondent at its January 21, 1986 meeting. Environmental and zoning concerns expressed at that time by area residents prompted respondent to refer these plans to the local school district, the town's highway safety committee and the fire department for review. After respondent's members took a field trip to the proposed site, it was suggested that petitioner revise its concept plan to provide more orderly building access and parking layout, reduce the number of units and address various other concerns. Three alternate plans were thereafter submitted to respondent at its February 25, 1986 meeting. A legal issue bearing on how access was to be obtained to the proposed apartment development came to light and was referred to the Town Attorney for an opinion.

While that issue was still under consideration, petitioner, by letter dated March 31, 1986 to the Town Clerk, requested a certificate stating that the date of submission of the preliminary plat of the proposed apartment complex was December 17, 1985 and that no action had been taken. The Town Attorney, responding, informed petitioner the certificate would not be forthcoming since the project did not fall within the mandatory 45-day period of Town Law § 274-a (2).

Petitioner then commenced this CPLR article 78 proceeding contending that respondent lacked jurisdiction to review its site plan proposals because they contemplated "residential use"; alternatively, an order compelling respondent to render a decision with respect to the submitted plans was sought. Supreme Court rejected both arguments and this appeal followed.

The premise of petitioner's jurisdictional argument is that the proposed project involves a "residential use" of land, that respondent is only authorized to review and approve commercial and industrial uses, and that in any event "commercial use"—a term not defined in the Town Code—should be construed to exclude apartment complexes from its definition.

Colonie Town Code § 190-29 (A) requires respondent to review and approve all newly constructed sites for, *inter alia,* "commercial * * * use". Notwithstanding the apartment units envisioned are designed to be utilized solely as residences, ultimately to be either leased or sold, that does not, as Supreme Court concluded, render respondent's perception of the entire apartment project as a commercial use an arbitrary or capricious interpretation of that phrase. Indeed, petitioner concedes there is neither statutory nor case law authority for the proposition it advances, i.e., that, for zoning purposes, development of an apartment complex of the magnitude proposed constitutes a "residential use". Rather, arguing by analogy, petitioner points to cases construing restrictive covenants for "residential purposes" which held that development of an apartment complex was not violative of the limitation *(see, Bennett v Petrino,* 235 NY 474); the similarity is tenuous at best.

Also misplaced is petitioner's effort to extrapolate a controlling definition of "commercial use"—one inhibiting respondent's jurisdiction to review petitioner's site plan—from Town Code § 157-3. As respondent aptly notes, that section, popularly known as the "Town of Colonie Sign Law", is completely irrelevant.

To the extent respondent is charged with construing provisions of the Town Code, its reading thereof, unless irrational or unreasonable, is to be upheld *(see, Matter of Aboud v Wallace,* 94 AD2d 874, 875). Its view that an apartment complex with over 200 units with all its attendant demographic and environmental concerns constitutes a commercial use of this land is hardly irrational *(see,* 3 Anderson, American Law of Zoning § 18.09, at 236-237 [3d ed]). It is also worth noting that respondent's interpretation here is not an arbitrary and aberrant one, and that it has uniformly construed its statutory mandate to include a review of apartment complex development proposals.

With respect to the alternative relief requested by petitioner, namely an order directing respondent to render a decision on petitioner's conceptual site plan application, respondent persuasively argues that in the context of its review procedure, Town Law § 274-a (2), insofar as it requires a planning board to render a decision within 45 days after either an application for site plan approval has been filed or a hearing thereon has been held, relates to final site development plans. The Town of Colonie enacted a three-phase review procedure for site development plans. Town Code § 190-30 requires submission of a concept development plan with a flexible design concept that may be readily changed as deemed necessary "prior to the work required for a detailed final site plan". Town Code § 190-31 enumerates the various requirements for final site plans, which are significantly more stringent than those required for concept submission. A review of the plans submitted and the record makes it quite clear that the plans petitioner tendered to respondent on December 17, 1985 were not final site plans. Accordingly, the 45-day time limit imposed by Town Law § 274-a (2) was not triggered at that juncture and petitioner's demand for certification was properly denied.

Nevertheless, the suggestion that respondent be enjoined to render a decision on petitioner's conceptual site plan application does have merit. By demanding that relief, petitioner unequivocally signified its desire to have respondent treat its concept submission as its *final* site plan, and that it is either not amenable to additional changes in its concept design or that it deems further delay on respondent's part unjustifiable. In either event, petitioner is entitled to have a decision on its project within 45 days as prescribed by Town Law § 274-a (2).

Judgment reversed, on the law and the facts, without costs, and petition granted to the extent that respondent is directed

to render a decision on petitioner's conceptual site plan within 45 days after service of a copy of the order to be entered upon this decision with notice of entry. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.