The Greystone Ridge Homeowners' Association, Inc. (the "Association"), appeals a judgment entered in favor of Pamela Shelton. This case is before this court pursuant to Ala. Code 1975, § 12-2-7 (6).
Our review of the record reveals the following: In November 1993 Shelton purchased a home in the Greystone Ridge subdivision. Shortly thereafter, she affixed a metal weather vane to the roof of her home, without seeking prior permission from the developer.
In September 1996 the Association sued Shelton, requesting that the trial court order her to remove the weather vane because, it alleged, the weather vane violated certain restrictive covenants enumerated in the "GREYSTONE MULTI-FAMILY DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS DATED OCTOBER 30, 1990."
The case was tried without a jury, and the trial court initially entered a judgment in favor of the Association. Shelton filed a post-judgment motion for a new trial or, in the alternative, for a judgment notwithstanding the verdict. Thereafter, the trial court amended its earlier judgment and concluded, as a matter of law, that the weather vane did not violate the restrictive covenants.
The Association appeals.
Initially, we would note that in a nonjury case, the trial judge is the finder of fact and that a presumption of correctness attaches to his findings and to the judgment based on those findings. Clardy v. Capital City Asphalt Co., 477 So.2d 350 (Ala. 1985). The resulting judgment will not be disturbed on appeal unless it is manifestly unjust, palpably wrong, or without supporting evidence. Id. at 350.
Furthermore, we add that "restrictive covenants are not favored in the law and will therefore be strictly construed by [the] Court. All doubts must be resolved against the restriction and in favor of free and unrestricted use of the property." Lange v.Scofield, 567 So.2d 1299, 1301 (Ala. 1990). "Only if the intent of the covenant is clear and unambiguous will it be given effect." Johnson v. Bryant, 350 So.2d 433, 437 (Ala. 1977).
The dispositive issue on appeal is whether section 6.01 (a)and(c), as a matter of law, can be construed as being clear and unambiguous. These subsections read as follows:
 "(a) . . . No exterior changes, alterations or Improvements shall be made to any Lot or Buildings without first obtaining the prior written approval of the same from Developer.
". . . .
 "(c) No Owner shall decorate, change or otherwise alter the appearance of any portion of the exterior of any Buildings or the landscaping, grounds or other Improvements situated on such Lot unless such decoration, change or alteration is first approved, in writing, by Developer as provided in Sections 4.01 and 4.02 above." *Page 90 
Suffice it to say, we find the language to be unclear, non-specific, and subject to different interpretations. Specifically, it is not clear whether the decorations, changes, or alterations are limited to the exterior finish of the house, i.e., the type of the exterior, the color of the exterior, the type or style of the roof/shingles, etc., or whether they are unlimited and apply to any and all changes that a homeowner may make that alters the appearance of the exterior of the house, i.e., planting a garden, placing a statue in the garden, erecting a fence, erecting a mailbox, affixing a weather vane to the roof, hanging a flag, etc. In other words, the language is too ambiguous, as well as too broad, for this court to hold, as matter of law, that Shelton cannot maintain her weather vane. Where the language is ambiguous, "its construction will not be extended by implication or include anything not plainly prohibited and all doubts and ambiguities must be resolved against [the Association]." Bear v.Bernstein, 251 Ala. 230, 231, 36 So.2d 483, 484 (1948).
Consequently, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e), Ala. Code 1975.
AFFIRMED.
All the judges concur.