309 So.2d 817

**George G. HOFFMAN et al.**

v.

**Frederick E. TACON, Jr., et al.**

**SC 857.**

Supreme Court of Alabama.

March 13, 1975.

Collins, Galloway & Smith, Mobile, for appellants.

No brief from appellees.

MADDOX, Justice.

The question presented by this appeal is whether a lot in a Mobile subdivision could be subdivided without violating restrictions placed on the original subdivision when it was created. The trial court granted a motion for summary judgment. The judgment permitted the "plot" to be subdivided.

The facts are not complicated. Plaintiffs and defendants are owners of property in a subdivision known as Government Street Highlands Subdivision in Mobile. All lots in the subdivision were subject to certain restrictions. Plaintiffs claimed that if the defendants subdivided their "plot" into two separate parcels, it would violate restrictions placed upon the original subdivision. Defendants denied this, and by way of cross-claim, asked the court to declare that they could subdivide the lot. No oral testimony was taken, but affidavits were filed by both sides.

The text of the restrictions over which the dispute arose is as follows:

"All lots in the tract shall be known as residential lots. No structures shall be erected, altered, placed or permitted to remain on any residential building *plot* other than one detached single-family dwelling not to exceed two and one half stories in height and a private garage for not more than three cars, and other out buildings incidental to residential use. [Emphasis added.]

\* \* \* \* \* \*

"No building shall be located nearer to the front lot line than seventy-five (75) feet, or nearer to the side street line than fifteen (15) feet. No building shall be located nearer than fifteen feet to any lot line except that the said line restriction shall not apply to a detached garage or other outbuilding located one hundred twenty-five (125) feet or more from the front line.

"No residential structure shall be erected or placed on any building *plot*, which *plot* has an area of less than thirty thousand (30,000) square feet nor a width of less than one hundred (100) feet at the front building setback line. [Emphasis added.]

"No noxious or offensive trade or activity shall be carried on upon any lot, nor shall anything be done thereon which may be, or become any annoyance or nuisance to the neighborhood."

Proposed Lot 22A will contain 30,104 square feet and will be 142 feet by 212 feet, which is larger than the minimum lot size specified in the restrictions. Proposed Lot 22B is larger than Lot 22A. It will contain 39,902 square feet and will measure 142 feet by 279 feet. A residence is already on proposed Lot 22A. At least two other lots in the subdivision have already been subdivided.

■ If the language of a restriction is clear and unambiguous, the courts will give it meaning. Reetz v. Ellis, 279 Ala. 453, 186 So.2d 915 (1966).

Appellants basically argue that the words "plot" and "lot" in the restrictions are interchangeable.

■ We do not think that the restrictions are so unclear that they cannot be enforced according to the fair and natural meaning of the language used. There is no restriction which prohibits specifically the subdivision of a lot. Paragraph 6, which the trial judge seemed to think was a key provision, prohibited one from building a residence on a plot with an area of less than 30,000 square feet and a width of

100 feet at the front building setback line. Paragraph three allows only one single family dwelling on any residential plot.

Recourse to dictionary definitions or to decisions of other courts, generally, serves no useful purpose when, from a reading of the restrictions, it is apparent what was intended.

We find no error in the trial court's judgment which allowed a subdivision of Lot 22.

Affirmed.

HEFLIN, C. J., and MERRILL, JONES and SHORES, JJ., concur.