James L. Cox and others appeal from a judgment granting a permanent injunction prohibiting them from resubdividing their residential lots without the written consent of the owners of all lots in Thorley Estates Subdivision.
Plaintiffs, Clement S. Walter, Jr. and Elizabeth D. Walter, William V. Weldon, and Albert S. Naughton and Dorothy P. Naughton, own lots in the subdivision as do defendants, James L. and Betty G. Cox, and John L. and Jane H. Glasser.
There are nine lots in the subdivision, ranging in size from 3.1 acres to 9.4 acres, all of which were purchased subject to protective covenants. The Walters, Weldon, and the Naughtons claim the Coxes and Glassers, without consent of plaintiffs and the other owners of lots in Thorley Estates, caused to be subdivided lots 5 and 6 to create lot 5A for the purpose of selling it for the building on it of a single residence dwelling house, thus violating the protective covenants. Cox and Glasser deny violating the restrictions.
The pertinent provisions of the text of the "protective covenants" are as follows:
 "1. LAND USE AND BUILDING TYPE. No lot shall be used except for residential purposes. No building shall be erected, altered, placed, or permitted to remain on any lot other than one detached single-family dwelling not to exceed three stories in height. * * * (emphasis added)
* * * * * * *Page 455 
 "5. LOT AREA AND WIDTH. No dwelling shall be erected or placed on any lot having an area of less than 2 acres." (emphasis added)
The lot in question, 5B, created by resubdividing the original two lots owned by Cox and Glasser, is in excess of two acres as required by provision No. 5 of the protective covenants.
There are many issues raised on this appeal, but they all center around the question of whether the two lots in dispute can be resubdivided without violating restrictions placed on the original subdivision.
The question can be resolved by construing the protective covenants.
The trial court held the protective covenants must be construed in the light of the obvious intent of the plan of development of the subdivision. It was the trial court's opinion that the developers intended the real property being subdivided into Thorley Estates Subdivision to consist of nine (9) lots and the developers intended that only one single-family residence, not to exceed three (3) stories in height be permitted on each of the nine (9) lots.
Cox and Glasser contend that there is no language in the covenants which restricts the number of lots in Thorley Estates and that covenant No. 5 prohibiting the placing of a dwelling on "any lot having an area of less than 2 acres," can only be logically interpreted as contemplating future division.
This court's decision in Hoffman, v. Tacon, 293 Ala. 684,309 So.2d 817 (1975), is dispositive of the question raised on this appeal. In Hoffman, we held the restrictions placed on the original subdivision when it was created did not prevent the subdivision of a plot into two lots which would each exceed the minimum size prescribed by the restrictions. The restrictions in Hoffman are similar to those imposed by the protective covenants in this case. In Hoffman, as here, the covenants allowed only one single-family dwelling on any residential plot; and the restrictions contained a minimum lot size clause that was met by the proposed lot.
The decisive point in Hoffman was the absence of any restriction which specifically prohibited the subdivision of a lot; also absent in this case. Where the language of the restriction is clear and unambiguous, it will, of course, be given its manifest meaning, but its construction will not be extended by implication or include anything not plainly prohibited and all doubts and ambiguities must be resolved against the party seeking enforcement. Bear v. Bernstein,251 Ala. 230, 36 So.2d 483 (1948); Springdale Gayfer's Store Co.,Inc. v. D.H. Holmes Co., Ltd., 281 Ala. 267, 201 So.2d 855
(1967). Restrictions against the free use and enjoyment of property are not favored in law and such restrictions are to be strictly construed. Kennedy v. Henley, 293 Ala. 657,309 So.2d 435 (1975).
Cox and Glasser's resubdivision of their lots does not violate the terms of the protective covenants that proscribe more than one single-family dwelling on any lot. Their actions also meet the requirement which prescribes a minimum lot size. In short, their plans conform with all requirements set out in the protective covenants.
The judgment of the lower court is reversed, and the permanent injunction therein provided is dissolved.
REVERSED AND RENDERED.
TORBERT, C.J., and BLOODWORTH, JONES and ALMON, JJ., concur.