Appellants Daniel and Margaret Kessler own property in Indian Springs Ranch Subdivision, Shelby County, Alabama. All tracts of land in this subdivision are subject to the following recorded restriction:
 "1. That said property shall be used for residence purposes only and not for any purpose of business or trade."
Since December 24, 1976 church services and other religious activities have been regularly conducted by appellees Furman C. Stough and others in a house situated on a lot in Indian Springs Ranch Subdivision. The property is owned by appellee Protestant Episcopal Church as Trustee for appellee Holy Spirit Episcopal Church.
On January 4, 1977 the appellants brought suit to enjoin the continued use by appellees of the house and adjoining premises for religious purposes, contending that such use violated the above quoted restriction.
Based upon the pleadings, memorandum briefs and stipulations of the parties, and a view and inspection of the property in question, the trial court ruled that the appellees could continue to hold religious services and activities within the house but were enjoined from expanding such activities by constructing additions to the house or on the remaining portion of the property without first acquiring the trial court's approval or a modification of the injunction. We reverse.
Initially we note that, as the evidence before the trial court was by stipulation of the parties and no testimony was taken orally, the ore tenus rule of review is not applicable to this appeal. Kennedy v. Henley, 293 Ala. 657, 309 So.2d 435
(1975); Smith v. Brown, 282 Ala. 528, 213 So.2d 374 (1968);Martin v. Culpepper, 253 Ala. 412, 44 So.2d 568 (1950). Therefore, our resolution of the issues presented is based upon a de novo consideration of the evidence in light of the legal principles hereinafter discussed. *Page 1050 
Appellees contend that the restriction in this case is ambiguous and subject to the rule of construction that restrictions against the free use and enjoyment of property are not favored in law, and, being in derogation of such right, are to be strictly construed against the enforcement of the restriction. Cox v. Walter, 348 So.2d 454 (Ala. 1977); Kennedyv. Henley, supra; Bear v. Bernstein, 251 Ala. 230, 36 So.2d 483
(1948). We recognize this often used rule of construction of unclear restrictive covenants, but find that it is not applicable to the restriction at issue. There is no ambiguity in the language of this restriction. It will therefore be given the effect of its plain and manifest meaning. Hoffman v. Tacon,293 Ala. 684, 309 So.2d 817 (1975); Springdale Gayfer's StoreCo. v. D.H. Holmes Co., 281 Ala. 267, 201 So.2d 855 (1967);Reetz v. Ellis, 279 Ala. 453, 186 So.2d 915 (1966).
The central question thus presented on appeal is whether a restriction limiting the use of property to residential purposes only prevents the use of such property as a church and for church related purposes.
Because this is a question of first impression in this state, appellants cite numerous decisions from courts of other jurisdictions dealing with this specific issue. These courts appear to have established the rule that use of property as a church and for church related purposes violates a covenant restricting use of property to residential purposes only. The rationale generally given for this conclusion is that in applying the natural, common sense meaning of the terms of the restriction, there is an express exclusion of all uses other than the prescribed use for "residence" purposes. It therefore necessarily follows that the use for "church" purposes is excluded because not residential in character. See, e.g.,Ireland v. Bible Baptist Church, 480 S.W.2d 467 (Tex.Civ.App. 1972); Chandler v. Darwin, 281 S.W.2d 363 (Tex.Civ.App. 1955);Christ's Methodist Church v. Macklanburg, 198 Okla. 297,177 P.2d 1008 (1947); Matthews v. First Christian Church of St.Louis, 355 Mo. 627, 197 S.W.2d 617 (1946); Proetz v. CentralDist. of Christian Missionary Alliance, 191 S.W.2d 273
(Mo.Ct.App. 1945); Boston-Edison Protective Ass'n v. Temple ofLight, 310 Mich. 48, 16 N.W.2d 662 (1944).
In McDonald v. Chaffin, 529 S.W.2d 54 (Tenn.Ct.App. 1975), a recent decision involving a factual situation similar to the case at bar, the Tennessee Court of Appeals stated the following:
 "Restrictive covenants are to be strictly construed. That is, they are to be read without the drawing of unnecessary implications and will not be taken to preclude that which is not plainly prohibited. . . . But in reading the covenant we should give the words a fair and reasonable meaning in order to effectuate its purpose. . . .
 "We agree that any use of the subject property as a church building would constitute a violation of the applicable restrictive covenant. Such use is not for residential purposes, and we take judicial notice that such use would ordinarily entail regular public gatherings. This result is mandated by the plain meaning of the covenant and is consistent with the `complete accord' reached by many other courts that have considered the question of the applicability to churches of covenants restricting property to residential use. See Annot., 13 A.L.R.2d 1239."
Id. at 57.
In the instant case, it is apparently undisputed that the building on appellees' property in Indian Springs Ranch Subdivision is in fact being used as a church and not a residence. Therefore, applying the previously discussed rule of other jurisdictions concerning restrictions limiting use of property to residential purposes only, we find that appellees' use of the house and adjoining premises as a church constitutes a clear and enjoinable violation of the restriction in issue here. We note, however, that we are not faced on this appeal with any issue involving the applicability of such a restriction to persons conducting private religious services in their homes, nor does this appeal present a constitutional (First Amendment) issue. *Page 1051 
We observe finally that, because the deed to appellees' property in Indian Springs Ranch Subdivision incorporated the questioned restriction by reference, appellees purchased their property with knowledge that it was subject to the restriction limiting use to residential purposes only. Appellees may not now complain as they purchased with notice of the restriction and paid for the qualified use only. Laney v. Early, 292 Ala. 227, 292 So.2d 103 (1974); Pugh v. Whittle, 240 Ala. 503,199 So. 851 (1941); Morris Morris Tuskaloosa Manufacturing Co.,83 Ala. 565, 3 So. 689 (1888).
Accordingly, the judgment of the trial court is reversed and the cause remanded for entry of an order permanently enjoining appellees from further use of the property in Indian Springs Ranch Subdivision as a church and for church related activities.
REVERSED AND REMANDED WITH DIRECTIONS.
MADDOX, JONES, SHORES and BEATTY, JJ., concur.