WRIGHT, Presiding Judge.
This is an action for breach of contract. In October 1974, plaintiff and defendant entered into a written contract by which plaintiff agreed to sell and defendant agreed to purchase the equipment and good will of a business which had been engaged in the construction, repair and installation of screen and storm windows and doors. The price for the equipment and inventory was $15,000. The contract also contained a non-competition provision for ten years for which plaintiff was to receive $3,500 each year in advance so long as the contract remained effective. That provision appears as follows:
4.The Seller agrees that he will not, for a period of ten (10) years from the date of this agreement, compete with the Buyer or any successor or assign of the Buyer operating or engaging in the same general business that the Buyer has hereby purchased from the Seller within the geographical area now comprised of the States of Alabama, Mississippi, Tennessee, and Georgia; provided, however, that the Seller may repair on the premises of his present place of business any window panes or screens delivered to him there without competing with the Buyer within the contemplation of this Agreement. The Buyer shall pay to the Seller, in advance, for each year during which this agreement shall be effective, the sum of three thousand five hundred dollars ($3,500.00). The first of such said payments shall be due and payable upon the execution of this Agreement; each such sum due for a succeeding year shall be due and payable on the first business day following the anniversary of the execution of this Agreement.
Suit was brought by plaintiff-seller for breach of contract charging failure of defendant to make the annual payments of $3,500 when due. Defendant-purchaser’s defense was that its performance was excused because of the prior failure of performance of plaintiff.
The matter was submitted to the trial court upon pleadings and stipulation. It was stipulated that defendant had paid plaintiff $7,000 for the years 1974 and 1975, but had not paid for the years 1976, 1977 and 1978; that plaintiff had repaired and replaced panes of glass and screens in both *630 storm windows and storm doors at his premises during the years 1976, 1977 and 1978 and that he had grossed about $1,000 each year for such work.
The court found that defendant had breached the agreement by failing to pay the annual payments but found defendant entitled to a set-off against the payments in the amount of $3,000. It entered judgment for plaintiff for $7,500. Defendant appealed.
Before discussing the issue presented by the appeal, we note what is not presented by the appeal in this case. Because it was submitted to the trial court upon pleadings and stipulation, the findings of facts and conclusions of law of that court, insofar as they are challenged by the appeal, are not supported by the ore tenus rule of a presumption of correctness. We view the record as did the trial court and without any presumption of the correctness of that court’s findings. Kessler v. Stough, 361 So.2d 1048 (Ala.1978). However, the issues of fact and conclusions of law contained in the judgment of the trial court and not questioned by the appeal are not for reconsideration by this court. We have reference to the determination in the judgment that defendant, though in violation of the contract, is entitled to a set-off in the amount which plaintiff stipulated he grossed from repairing storm windows and doors. That part of the judgment could only have been entered after a determination that plaintiff had breached the non-competition provision of the contract. Plaintiff has not appealed from the judgment which granted defendant set-off. We therefore accept as correct the determination that plaintiff breached the contract by performing work contrary to the non-competition clause. In doing so, we must reject plaintiff’s argument that he did not perform work contrary to the non-competition clause.
Defendant has correctly stated the issue on appeal to be whether the breach by plaintiff of the agreement not to compete is so material as to permit it to treat the contract as broken and excuse its refusal to perform as promised.
Defendant’s argument in brief relates in large part to insistence upon the divisibility of the contract. The premise is that because it contained an aspect referring to purchase of the business, its equipment, machinery and inventory for a specific amount and another aspect referring to non-competition with an additional annual consideration for ten years, the contract was severa-ble into two parts. We do not fully perceive the object of the argument as to divisibility of the contract in this case. Divisibility or severability of a contract usually is considered in relation to the partial recision of that contract. Village Inn Pancake House of Mobile, Inc. v. Higdon, 294 Ala. 378, 318 So.2d 245 (1975). We have no element of partial recision in this case. The question before us is whether the violation of the non-competition provision of the contract by plaintiff is so material to the entire purpose of that contract as to permit defendant to treat it as broken and abandon it. It has been held that abandonment under such circumstances is not a recision of the contract but merely an acceptance of the situation which the wrongdoing of the other party has brought about. Anvil Mining Co. v. Humble, 153 U.S. 540, 14 S.Ct. 876, 880, 38 L.Ed. 814 (1894); Waters v. Weintraub, 255 Ala. 530, 52 So.2d 510 (1951).
Examination thereof clearly indicates that the non-competition provision was a material aspect of the entire contract. It carried a more than substantial portion of the total consideration. The fact that the violation of that provision by plaintiff profited him little is no measure of the materiality of it to defendant. Plaintiff, for a valuable consideration per year, agreed to refrain from competing with the business he sold to defendant. The trial court determined he had breached his agreement. Defendant faithfully performed its promise to pay plaintiff for refraining from competition until learning of the breach. We find that the breach of his promise not to compete by plaintiff was a material breach and a repudiation of the *631 contract. Defendant was legally entitled to treat the contract at an end. Denver-Albuquerque Motor Transport, Inc. v. Green, 57 Ala.App. 709, 331 So.2d 719 (1976). The judgment of the trial court is therefore reversed and judgment is directed to be entered in favor of defendant and against the plaintiff.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.