The defendant, Robert Cooper, appeals from a judgment entered in favor of the plaintiff, Edwin Powell, in an action to enforce restrictive covenants encumbering residential lots located in Madison County. The trial court declared the covenants enforceable and ordered Cooper to remove a mobile home located on his property.
On May 29, 1991, Robert Cooper; his wife, Betty J. Cooper; their daughter, Sandra R. England; and her husband, Thomas W. England, Jr., entered into a contract to purchase three acres of land from Country Places, Inc. The deed conveying the three acres contained the following restrictive covenants:
 "2. FURTHER SUBDIVISION. As the land attached hereto as Exhibit 'A' is initially divided and sold by the undersigned, the lots or parcels initially subdivided and sold may not be further subdivided into smaller lots or parcels.
"3. . . . .
 "4. MOBILE HOMES. Mobile homes shall be allowed on lots or parcels only in the half of the property of greatest distance from the property's primary road frontage and must be situated as to lie perpendicular with said primary road frontage. Further, mobile homes shall not be allowed on the property unless kept in good repair and skirted."
Approximately two months after the purchase, the Englands placed their mobile home on the lot. On August 22, 1991, Edwin Powell purchased a lot adjacent to the lot owned by Robert Cooper. In 1993, Cooper's other daughter, Susan Culver, placed a second mobile home on the lot Cooper owned.
Powell sued Cooper, alleging that Cooper had violated restrictive covenant two, which forbids "further subdivision" of the lots (Powell says a further subdivision occurred when Cooper placed two mobile homes on his lot) and had violated restrictive covenant four, which provides that mobile homes must "lie perpendicular" to the primary road frontage. Cooper answered and raised the affirmative defenses of waiver, estoppel, and laches. Cooper also counterclaimed, contending that Powell was violating another restrictive covenant by piling trash and refuse on the land adjoining Cooper's property.[1] *Page 95 
The trial court found, applying Ala. Code 1975, § 11-52-2, that there had been a further subdivision of Cooper's land in violation of paragraph two of the restrictive covenants. The court ordered Cooper to remove, at his own expense, one of the mobile homes and to remove all power lines and water lines running to that mobile home. The court further found that Powell had waived any right to require compliance with restrictive covenant four, because Powell had purchased his land after one of the mobile homes had been placed on the Cooper property in a nonperpendicular orientation. Cooper appealed.
This Court, in Lange v. Scofield, 567 So.2d 1299, 1301
(Ala. 1990), stated:
 "At the outset, we wish to point out that restrictive covenants are not favored in the law and will therefore be strictly construed by this Court. All doubts must be resolved against the restriction and in favor of free and unrestricted use of the property. Frander Frander, Inc. v. Griffen, 457 So.2d 375, 377 (Ala. 1984). In addition, a presumption of correctness attends determinations made by trial courts sitting without a jury and hearing evidence presented ore tenus.
This Court will not disturb the decisions of such courts unless their findings are plainly and palpably wrong or manifestly unjust. Silverman v. Charmac, Inc., 414 So.2d 892 (Ala. 1982); Laney v. Early, 292 Ala. 227, 292 So.2d 103 (1974)."
Cooper contends that the trial court erred in holding that he could not place more than one mobile home on his lot despite the use of the plural term "mobile homes" in the restriction. We agree.
Where the language in a restrictive covenant is clear and unambiguous, it will be given its manifest meaning, but its construction will not be extended by implication to include anything not plainly prohibited. Cox v. Walter, 348 So.2d 454
(Ala. 1977). All doubts and ambiguities must be resolved against the party seeking enforcement. Id. "Where the language of the covenant is found to be ambiguous, the intent of the developer is to be given great weight by the court in discerning whether the [mobile] home should be allowed to remain." Frander Frander, Inc. v. Griffen, 457 So.2d 375, 378 (Ala. 1984).
Brian Nelson, the developer and author of the restrictions, testified that his intent in drafting the subdivision restriction was to restrict further subdivision and resale of the lots and not to restrict the use of a lot to one single-family dwelling. Further testimony by Nelson revealed, as to another lot he had sold in the general area, subject to substantially the same restrictions, two families were living on the lot in separate dwellings.
After reviewing the evidence before the trial court, we conclude that placing two mobile homes on Cooper's lot did not violate the terms of the restrictive covenants. The intent of the developer was not to restrict the number of mobile homes that could be placed on each lot; rather, it was to restrict the further subdivision and resale of the lots. The trial court's ruling was plainly erroneous.
The judgment is reversed and the cause is remanded for the entry of an order consistent with this opinion.
REVERSED AND REMANDED.
ALMON, HOUSTON, KENNEDY and INGRAM, JJ., concur.
[1] No evidence was heard on the counterclaim, and it is not an issue on appeal.