No. 39,038

WOODROW W. SPORN and WAUNITA G. SPORN, *Appellants*, v. ISAAC WALKER OVERHOLT and LELA MAE OVERHOLT, *Appellees*.

(262 P. 2d 828)

Opinion filed November 7, 1953.

*Tudor W. Hampton*, of Great Bend, argued the cause, and *S. R. Blackburn*, and *Jerry M. Ward*, both of Great Bend, were with him on the briefs for the appellants.

*Melvin O. Nuss*, of Great Bend, argued the cause, and *Vernon L. Nuss*, and *Isaac A. Overholt*, both of Great Bend, were with him on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ J.: This was an action to construe a restrictive covenant contained in two identical warranty deeds. A brief statement of facts is as follows:

On May 7, 1949, defendants (appellees) made, executed and de-

livered their general warranty deed to certain lots in the city of Ellinwood, to plaintiffs (appellants), the pertinent part of which reads as follows:

"This Indenture, Made this 7th day of May A. D. 1949 between Isaac Walker Overholt and Lela Mae Overholt, husband and wife . . . of the first part, and Woodrow W. Sporn and Waunita G. Sporn, husband and wife . . . of the second part.

"Witnesseth, That said parties of the first part, in consideration of the sum of Ten Dollars . . . do by these presents, grant, bargain, sell and convey unto said parties of the second part, their heirs and assigns, all the following described REAL ESTATE . . . :

(Description)

"The following restrictions shall be considered as covenants running with the land, and the same shall be binding upon the grantors and the grantees herein, their heirs, executors, administrators, and assigns, for the period of fifteen years from and after the date of this deed. Said restrictions being as follows, to-wit:

"(1) That the above described lots are hereby designated as *residence* lots, and that no *dwelling* shall be erected thereon which shall cost less than Three Thousand Dollars; said *dwelling* to consist of four or more rooms." (Italics supplied.)

. . . . . . . . . . . . . . .

Plaintiffs took possession of the real estate, and on one of the lots they erected their home. Some time thereafter they commenced construction of a duplex residence on one of the lots but, before proceeding further, brought this action in the court below to construe the restrictive covenants contained in the deeds. At the completion of the hearing in said cause, the trial court entered its judgment, finding that the restrictions contained in the deeds are construed in favor of the defendants and bar and exclude the plaintiffs from erecting an apartment duplex on the property; that an apartment duplex would not constitute a private dwelling.

Plaintiffs filed their motion for new trial. Upon a hearing, the trial court found that the motion should be overruled, and entered the following judgment: "That the property was deeded for residence purposes only, for the construction of a single residence for the use of one family." From the judgment of the trial court the plaintiffs appeal, contending that the court erred in holding that an apartment duplex could not be erected under the restrictive covenants contained in the deeds.

At the outset it may be stated that deeds are to be construed in accordance with the intent and purpose of the grantors after exami-

nation of the entire instrument under consideration, and where there is no ambiguity or uncertainty in a deed, and where the intention of the grantor is clearly and unequivocally expressed, there is no occasion for employing rules of construction. In view of the mentioned rule, we are of the opinion that the provisions contained in the deed clearly set forth the intention of the grantors, in plain, simple and concise language, and there is no occasion for employing rules of judicial construction. (*Davis v. Vermillion,* 173 Kan. 508, 249 P. 2d 625.) The provisions of the deed make it clear that the grantors conveyed the property as residence lots, and that no dwelling should be erected thereon costing less than $3,000, and to consist of four or more rooms.

The rules governing the construction of covenants imposing restrictions on the use of realty are the same as those applicable to any contract or covenant, including the rule that, where there is no ambiguity in the language used, there is no room for construction, and the plain meaning of the language governs. When construction is necessary, the language used will be given its obvious meaning. (7 Thompson on Real Property, p. 53, § 3569.)

Another well-settled rule is that covenants and agreements restricting the free use of property are strictly construed against limitations upon such use. Such restrictions will not be aided or extended by implication or enlarged by construction. Doubt will be resolved in favor of the unrestricted use of property. (14 Am. Jur., Covenants, Conditions and Restrictions, 621, § 212.) In *Welsh v. Flo,* 146 Kan. 807, 811, 73 P. 2d 1084, we stated:

"And of course a liberal construction must be used in the placing of limitations upon such restrictions, and a question of doubt must be resolved in favor of the grantee rather than the grantor for the exercise of broader privileges in case of doubt, but at the same time the broad privilege claimed must be within reasonable limitations."

See, also, 26 C. J. S., Deeds, 515, § 163(a); 7 Thompson on Real Property, p. 52, § 3568.

In the well-annotated case of *Bear v. Bernstein,* 251 Ala. 230, 36 So. 2d 483, 14 A. L. R. 2d 1372, at 1375, it is stated:

"Where the language of the restriction is clear and unambiguous it will, of course, be given its manifest meaning, but its construction will not be extended by implication or include anything not plainly prohibited and all doubts and ambiguities must be resolved against the party seeking enforcement."

The real question before this court is whether the terms "residence" and "dwelling" in the restrictive covenant under considera-

tion preclude the erection of an apartment duplex on the lots conveyed to the plaintiffs.

It appears to be the general rule that any kind of a building devoted exclusively to residence purposes, whether a duplex or an apartment house, may be erected under a covenant limiting the use of the property to residence purposes. (14 Am. Jur., Covenants, Conditions and Restrictions, 631, § 245; 26 C. J. S., Deeds, 530, § 164(c) (2).) Generally, the restrictions using the unqualified terms "residence" or "dwelling" have been held merely to limit the type of use to be made of the property and not to forbid the erection of a residence for occupancy by several families such as a duplex or double house which, under the weight of authority, has been held permissible, as the terms "residence" and "dwelling" have the effect merely to limit the property to living quarters, as distinguished from business or commercial uses. (26 C. J. S., Deeds, 532, § 164(c) (2); *Bennett v. Petrino*, 235 N. Y. 474, 139 N. E. 578; *Bear v. Bernstein*, supra; see, also, annotation in 14 A. L. R. 2d 1376 to 1436; *Reformed P. D. Church v. M. A. Bldg. Co.*, 214 N. Y. 268, 108 N. E. 444.)

The defendants, as the trial court found, would have us read into the restriction a limitation confining the use of the lots to the construction of a dwelling to a single residence for the use of one family. As they find no such words in the restriction itself, the defendants necessarily rely upon the implication which is to be drawn from the words used. However desirable it may be for defendants to prohibit a two-family dwelling, we can only accomplish this result when the agreement made by the parties permits it. We are confined to the words of the restriction and must give them their natural meaning interpreted in the light of the decided cases. It seems very clear under the mentioned decisions, and many not cited of like import, that the simple terms "residence" and "dwelling" as used in the covenant are broad enough to include and permit a duplex or double house. It would seem to require little aid from dictionaries or decisions to enable us to see that within the ordinary meaning of language, a "residence" or "dwelling" is a house or structure in which people dwell, and such, concededly, is the character and purpose of a two-family house. There is no way in which this court can aid or extend by implication or enlarge by construction the plain terms of the restrictive covenant.

In view of what has been said, we are of the opinion that the erection of a duplex or a two-family residence upon the lots in controversy, as proposed by the plaintiffs, is not prohibited by the restrictive covenant in the deeds under which plaintiffs hold title.

It follows that the judgment of the trial court must be reversed and the case remanded with instructions to enter judgment for the plaintiffs in accordance with the views herein expressed.

It is so ordered.