**Williamson STEPHENSON et al., Appellants,**

v.

**Werner J. PERLITZ et ux., Appellees.**

**No. 7706.**

Court of Civil Appeals of Texas, Beaumont.

May 29, 1975.

Rehearing Denied July 10, 1975.

Scott R. Kidd, Austin, for appellants.

Thomas H. Watkins, Austin, for appellees.

KEITH, Justice.

The question is, Does a restrictive covenant in a deed providing that "[a]ll im-

provements to be erected upon the premises hereby conveyed shall be built and used for residence purposes . . . [and] [o]nly one residence shall be erected upon the premises hereby conveyed" prohibit the erection of a duplex or two-unit dwelling thereon? We answer the question in the negative for the reasons now to be stated.

All parties own lots in Block 3 of Edgemont Addition in the City of Austin, there being many costly and well-kept single family homes therein including those of the plaintiffs. The Newman plaintiffs had resided upon their lot since 1960, the Stephenson plaintiffs on their lot since 1970. The Perlitz defendants purchased their lot in 1973 with knowledge of the restrictive covenants mentioned above. The lots of the parties are either adjacent or very close to each other.

Plaintiffs instituted this suit when they learned that the defendants had begun the construction of a duplex upon their lot, only the foundation having been started at the time of the filing of suit. A temporary restraining order prohibiting further construction was continued in effect as a temporary injunction; but, upon the hearing on the application for the permanent injunction, tried to the court, the temporary injunction was dissolved and the permanent injunction was denied. Although the trial court filed findings of fact and conclusions of law (and refused to make additional findings or conclusions), the controlling facts are not in dispute.

Plaintiffs' main contention, upon which all of their subsidiary points are based, is that the deed restrictions set out earlier apply to and prohibit the construction of the duplex by defendants since it would constitute more than one residence upon the lot. We disagree and affirm the judgment of the trial court.

Our decision is controlled by *MacDonald v. Painter*, 441 S.W.2d 179 (Tex. 1969), and cases therein cited. We extract several rules, so clearly stated therein, as applicable to the case at bar.

1. Having examined all of the restrictions "in context and apply[ing] to them the settled rules of construction, we conclude that the covenants in question are free of uncertainty and ambiguity." (441 S.W.2d at 182)

2. The restrictions found in the deeds in this case ("used for residence purposes" and "[o]nly one residence shall be erected upon the premises"), in the language of Justice Pope in *MacDonald*, supra, "do not prohibit the construction of the duplexes." (Id.)

3. "The terms 'residence purposes,' and 'residences' require the use of property for living purposes as distinguished from uses for business or commercial purposes." (citations omitted)

4. "According to most authorities, the terms, without other limiting words, do not prohibit duplex living units." We find no such limiting words in our deeds.

With these guidelines established, we turn now to the series of out-of-state cases cited by Justice Pope in support of our last quotation from that opinion. The first case cited, *Bear v. Bernstein*, 251 Ala. 230, 36 So.2d 483, 14 A.L.R.2d 1372 (1948), forms the basis of a lengthy annotation in *14 A.L.R.2d 1376* entitled "Covenants—Multiple Residence."

The *Bear* Court framed the question in this language:

"The question is, does a restrictive covenant in a deed providing that the land shall be 'used only for residential purposes * * * and that only one residence shall be erected on * * * [the] lot' prohibit the erection of a duplex or four-unit apartment house." (36 So.2d 483)

After considering many authorities, the Court concluded that the restrictions quoted in the question did not prohibit the con-

struction of a duplex or apartment house upon the property.

The second case cited in *MacDonald* was *Weber v. Graner,* 137 Cal.App.2d 771, 291 P.2d 173 (1955), where the restrictive covenant provided "that the premises are 'to be occupied for residence purposes only, and nowise for business purposes;'" and "Plaintiffs proposed improvement consists of a two-story building comprising 48 apartments or separate residential units in which families will live." (291 P.2d at 176)

The *Weber* Court concluded that the apartment house would not violate the restrictive covenant, saying:

"Thus these premises are 'to be occupied for residence purposes,' and this is so whether the structure is occupied by one family or a number of families. The word 'residence' has reference to the use or mode of occupancy to which the premises may be put. If it had been intended that the improvements to be placed on this property were to be for the use of one family only, words indicating such an intention undoubtedly would have been used, as is frequently done, such as 'a single residence,' 'a private residence,' 'a private home,' 'a private dwelling,' 'a single family dwelling,' or 'a single dwelling house.'" (Id.)

Later comments by the *Weber* Court indicate that court placed emphasis upon the singular "a" in each of the illustrations given in the foregoing quotation. (Id. at 177)

In the third case cited by Justice Pope, *Baker v. Smith,* 242 Iowa 606, 47 N.W.2d 810 (1951), the Court was considering "a high-class residential addition" and the covenants were quoted as restricting the use of the lots " 'for residence purposes exclusively and for no other purpose whatever.'" (Id. at 811) The Supreme Court of Iowa held that the trial court was in error when it construed the quoted language to mean " 'for single family residence purposes ex-

clusively.'" (Id. at 812) Many cases were cited in support of the holding that the quoted restriction did not prohibit the construction of an apartment building upon one of the lots.

Finally, Justice Pope cited *Sporn v. Overholt,* 175 Kan. 197, 262 P.2d 828 (1953). In *Sporn* the lots were "designated as *residence* lots" and "no *dwelling* shall be erected thereon which shall cost less than Three Thousand Dollars; said *dwelling* to consist of four or more rooms." (262 P.2d at 829–830, emphasis in text) The *Sporn* Court concluded:

"It appears to be the general rule that any kind of a building devoted exclusively to residence purposes, *whether a duplex* or an apartment house may be erected under a covenant limiting the use of the property to residence purposes. * * Generally, the restrictions using the unqualified terms 'residence' or 'dwelling' have been held merely to limit the type of use to be made of the property and not to forbid the erection of a residence for occupancy by several families such as a duplex or double house which, under the weight of authority, has been held permissible, as the terms 'residence' and 'dwelling' have the effect merely to limit the property to living quarters, as distinguished from business or commercial uses." (Id. at 831, emphasis supplied)

The dissent, citing *Green v. Gerner,* 283 S.W. 615 (Tex.Civ.App.—Galveston 1926), affirmed 289 S.W. 999 (Tex.Com.App.1927), cited in *MacDonald,* overlooks Justice Pope's conclusion: "We conclude that the cases upon which respondents rely [one of which was *Green v. Gerner*] clearly prohibit units other than single family dwellings, whereas, the Mira Loma restrictions lack that clarity." (441 S.W.2d at 184)

■ It is not for this court to grudgingly or narrowly restrict the plain import of decisions of our Supreme Court. When a

change is made in the law, and an important one was made in *MacDonald,* it is the duty of an intermediate court to follow explicitly the teachings of our Supreme Court. Justice Pope, with his usual meticulous regard for the orderly development of the law of this state, has imported a series of strong cases which enunciate the majority rule in this country. The crux of the holding in each of the cases cited is this: "If it had been intended that the improvements to be placed on this property were to be for the use of one family only, words indicating such an intention undoubtedly would have been used." *Weber,* supra. Thus, when no such intention was indicated, the restriction cannot be extended; hence, it lacks "clarity." *MacDonald,* supra.

Under our view of the record, we do not find it necessary to discuss the subsidiary points brought forward by the plaintiffs. Under the undisputed facts of this case, the trial court properly refused to grant the permanent injunction sought by the plaintiffs and the remaining points of error are immaterial.

The opinion in *MacDonald v. Painter,* supra, controlled the action of the trial court; and, the same opinion dictates an affirmation of the judgment denying the permanent injunction. Accordingly, the judgment below being correct, it is

Affirmed.

STEPHENSON, Justice (dissenting).

I respectfully dissent. I do not agree that this case is controlled by MacDonald v. Painter, supra. The significant factual situation is too dissimilar. In MacDonald, the restrictive covenant says nothing about *one residence,* while it is clear in the case before us that only *one residence* can be constructed upon the lot in question. The Supreme Court in MacDonald does *not* say a duplex is one residence. (The conclusion reached by the majority in the case before us.)

In my opinion, MacDonald merely tells us that if the restrictive covenant prohibits the use of property for anything except "residence purposes" that the erection of multiple dwellings is not forbidden. See the explanation at page 182 together with the quotation from 14 A.L.R.2d 1381.

In the case before us the restriction says specifically that only one residence can be erected upon this lot. In MacDonald, the Supreme Court found the use of the term *"residences"* shows an intent to permit more than a single residence. No such wording appears in the restriction before us.

I would hold that this case is controlled by Green v. Gerner, 283 S.W. 615 (Tex.Civ. App.—Galveston, 1926) judgment affirmed by Tex.Com.App., 289 S.W. 999 (1927). In this case the restriction was " 'no building other than one residence with the necessary and appurtenant out buildings and improvements shall occupy the lots herein sold' " (at 283 S.W. 616). The Court of Civil Appeals held that under this restriction an apartment house with eight living units if erected would violate the covenant, even though it was contended that the apartment house was for residential purposes only, was but one building, and was not obnoxious to the provision in the deed.

It is clear to me that the Supreme Court in MacDonald, when discussing Green v. Gerner at page 184, was not intending to overrule Green v. Gerner, but merely to distinguish it. As stated above the term "one residence" is the difference between these two lines of decisions. Apparently, there is no case in Texas holding that a duplex is "one residence."