(162 P.3d 57)

No. 95,306

JAMES A. KIEKEL, *et al.*, *Appellants/Cross-appellees*, v. FOUR COLONIES HOMES ASSOCIATION, *Appellee/Cross-appellant*.

Opinion filed July 13, 2007.

*Michael R. Ong* and *Michelle M. Burge*, of Law Office of Michael Ong, P.A., of Leawood, for appellants/cross-appellees.

*Lawrence L. Ferree III* and *Kirk T. Ridgway*, of Ferree, Bunn, O'Grady & Rundberg, Chtd., of Overland Park, for appellee/cross-appellant.

Before MALONE, P.J., GREEN and MARQUARDT, JJ.

MALONE, J.: In 2004, Four Colonies Homes Association (Four Colonies) submitted a bylaw amendment to its members for approval, which placed renting restrictions on lot owners in Four Colonies' subdivision. Fifty-one percent of the lot owners present at the meeting voted in favor of the bylaw amendment. When Four Colonies attempted to enforce the bylaw against James A. Kiekel and Margaret G. Kiekel, the Kiekels filed a petition for declaratory judgment with the district court, asking the court to declare the bylaw unenforceable. Four Colonies filed a counterclaim for injunctive relief, requesting the court to enjoin the Kiekels from renting their properties.

The district court denied the Kiekels' petition, finding that the bylaw was enforceable. The Kiekels appeal, arguing (1) the district court erred in determining that Four Colonies could impose the property use restriction through a bylaw amendment, (2) the district court erred by using the wrong standard in determining that the restriction was enforceable, and (3) the district court's factual and legal findings were not supported by substantial competent evidence. Because Four Colonies did not have the authority to impose a property use restriction through a bylaw amendment, we reverse the district court's decision denying the Kiekels' request for declaratory judgment.

The district court also denied Four Colonies' request for injunctive relief. Four Colonies cross-appeals, contending the district court erred in denying injunctive relief. Because the Kiekels did not violate the original restrictive covenants by renting their properties, we affirm the district court's decision denying Four Colonies' request for injunctive relief.

### *Factual and procedural background*

Four Colonies is a Kansas not-for-profit corporation comprised of the property lot owners in the Four Colonies subdivision in Lenexa, Kansas. The subdivision was created in 1971 as a "condominium-type 'planned unit development' " in which individual

lot owners were subject to property use restrictions pursuant to Four Colonies' Declaration of Covenants, Conditions, and Restrictions (Declaration).

The Declaration, as well as Four Colonies' Bylaws (Bylaws), were filed in the Johnson County Register of Deeds office. The Declaration includes a provision that allows it to be amended by an instrument signed by not less than 75% of the lot owners. As of 2005, the Declaration had never been formally amended pursuant to this provision. The Bylaws can be amended by a majority vote of lot owners at a meeting.

In 1997, Four Colonies proposed an amendment to the Bylaws that would have prevented owners from renting their property until the number of rental units in the subdivision was reduced to 10% of the lots, or 69 units. However, Four Colonies cancelled the vote on the amendment because it subsequently determined that the proposed bylaw was in conflict with the Declaration.

In October 2004, Four Colonies proposed another bylaw amendment that would impose various limitations on lot owners' rights to rent their property, including:

"(1) a prohibition against a currently rented property being rented after any change in ownership of that property following the adoption of the By-Laws amendment; (2) a prohibition against any property not rented as of the adoption of the By-Laws amendment from being thereafter rented; (3) a requirement that all lease agreements be submitted to the Association's Board for approval every twelve months; (4) a grant of authority to the Association to terminate any lease and evict any tenant in the event a property owner fails to comply with the requirements set forth in the By-Laws amendment; and (5) a provision that the Association be entitled to recover all costs and attorney fees in terminating any lease and evicting any tenant pursuant to the terms set forth in the By-Laws amendment."

A special meeting was called to allow owners to vote on the bylaw amendment. Only 372 of the 681 lot owners (55%) attended the meeting. At the meeting, the bylaw amendment was approved with 191 (51.34%) lot owners voting in favor of the amendment and 181 (48.66%) voting against the amendment.

The Four Colonies subdivision consists of 681 property lots, including 37 duplexes, 1 tri-plex, 54 four-plexes, 1 five-plex, 23 six-plexes, 74 garden villas, and 171 free-standing homes. As of 2005,

approximately 100 to 115 of the lots were being rented by their owners. Four Colonies proposed the 2004 bylaw amendment after receiving numerous complaints from lot owners about the conduct and behavior of tenants who rented property in the subdivision.

Many of these complaints were about tenants leasing from the Kiekels. Since 1988, the Kiekels have owned property lots in the subdivision but have never lived in the subdivision. As of 2005, the Kiekels, through revocable trusts, owned eight property lots in the subdivision, which they rented. Since 1999, the police have responded to the Kiekels' rental properties 15 times. Additionally, Four Colonies claimed it received 19 complaints about the Kiekels' tenants, "including parking, failing to clean up dog feces, loud and disruptive late-night parties and personal property stored or left in yards." According to Four Colonies, the Kiekels also failed to adequately maintain and repair their rental properties.

After the 2004 bylaw amendment was approved, the Kiekels received a letter from Four Colonies asking them to provide information to Four Colonies about their tenants pursuant to the bylaw. In response, the Kiekels filed a petition for declaratory judgment with the Johnson County District Court. In their petition, the Kiekels argued the 2004 bylaw amendment was void because it conflicted with the Declaration. The Kiekels asked the court (1) to declare the bylaw amendment void; (2) to declare that the demands made by Four Colonies were unenforceable; (3) to declare that Four Colonies had no power to end rental agreements; (4) to find that Four Colonies knowingly attempted to impair property rights inconsistent with the Declaration; (5) to find Four Colonies' actions contrary to its fiduciary duty; and (6) to award attorney fees to the Kiekels.

Four Colonies filed a counterclaim asking the district court to enjoin the Kiekels from renting their properties and to order them to sell their lots to owners who would occupy the residences. Four Colonies argued that injunctive relief was appropriate because the Kiekels were violating the Declaration's provisions that prohibited noxious activity and the commercial use of subdivision property.

In June 2005, a bench trial was held. After the trial, Four Colonies and the Kiekels filed a stipulated proposed findings of fact,

which the district court largely adopted when it entered its judgment in August 2005. The district court denied the Kiekels' claim for declaratory relief. The district court found that the 2004 bylaw amendment was not in conflict with the Declaration and that the amendment was reasonable and enforceable. The district court also found that the Declaration authorized the board to restrict the owners's rental rights through a bylaw amendment. However, the district court also denied Four Colonies' counterclaim for injunctive relief based upon the evidence presented at the hearing.

The Kiekels timely appeal the district court's denial of their petition for declaratory judgment. Additionally, Four Colonies timely cross-appeals the district court's denial of its claim for injunctive relief.

### Petition for declaratory judgment

On appeal, the Kiekels claim the district court erred in finding that the 2004 bylaw amendment was not in conflict with the Declaration. The Kiekels contend the district court incorrectly interpreted the Declaration as giving Four Colonies the authority to restrict lot owners from renting their properties through an amendment to the Bylaws. The Kiekels maintain that any restriction on the lot owners from renting their properties can be accomplished only through an amendment to the Declaration.

The district court framed the issue in this case as whether the 2004 bylaw amendment conflicted with the Declaration. The district court determined that because the bylaw amendment did not eliminate the Kiekels' right to rent their property, the bylaw amendment did not conflict with the Declaration. However, a more accurate statement of the issue is whether Four Colonies could impose a post-purchase property use restriction on lot owners through an amendment to the Bylaws. Before analyzing this issue, some legal background on the creation of homeowners associations would be helpful.

Creating a community association, such as Four Colonies, requires a set of documents that generally includes a declaration and bylaws.

"The first creating document in a community association is the *declaration*. . . . For an HOA, the document is generally referred to as the *Declaration of Covenants, Conditions, and Restrictions* ('CCRs'). The declaration is a document containing the plan of development and the essentials of ownership, the method of operation, and the rights and responsibilities of the association and the owners within the association. It is a covenant running with the land, recorded in the land records, and binding on every person who becomes a property owner in the project." Hyatt, Condominium and Homeowner Association Practice: Community Association Law § 1.06(e) (3d ed. 2000) (hereinafter Community Association Law).

Basically, the declaration is considered the enabling document or the constitution of the association. Generally, any attempt to restrict a property owner's use of the property as authorized in the declaration is considered void and unenforceable. Community Association Law § 1.06(e); 8 Powell on Real Property § 54A.01(11)(a) (2007).

"The second legal document essential to the community association is a set of *bylaws*, which set forth procedures for the internal government and operation of the association. Generally, fundamental provisions dealing with ownership and property rights are in the declaration; the bylaws typically contain governance and operational provisions, and function in the same capacity as corporate bylaws." Community Association Law § 1.06(e).

To resolve the issue at hand, this court must interpret Four Colonies' Declaration and Bylaws. The interpretation and legal effect of written instruments are matters of law, and an appellate court exercises unlimited review. *McGinley v. Bank of America, N.A.*, 279 Kan. 426, 431, 109 P.3d 1146 (2005).

"Another well-settled rule is that covenants and agreements restricting the free use of property are strictly construed against limitations upon such use. Such restrictions will not be aided or extended by implication or enlarged by construction. Doubt will be resolved in favor of the unrestricted use of property. [Citation omitted.]" *Sporn v. Overholt*, 175 Kan. 197, 199, 262 P.2d 828 (1953).

Examining Four Colonies' Declaration and Bylaws, it appears the intent was that the Declaration would set forth owners' fundamental ownership rights and the Bylaws would set forth enforcement and govern its procedures. This conclusion is supported by the amendment procedures included in both documents. An amendment to the Declaration requires a super-majority vote of

75% of all lot owners; whereas, an amendment to the Bylaws requires a simple-majority vote of lot owners present at a meeting. Because the Declaration defines property rights, and the Bylaws do not, it is logical that amending the Declaration would be more difficult. See 4 Thompson on Real Property § 36.06(a), pp. 240-41 (2d ed. 2004) (Absent "an amendment to the declaration, the enjoyment and use of the real property cannot be impaired or diminished.").

In this case, the original Declaration for the subdivision includes various restrictive covenants that impose property use restrictions on owners. These restrictions include, but are not limited to, restricting owners from using their property for commercial purposes, restricting owners from installing awnings without approval, restricting owners from erecting fences without approval, and restricting owners from having more than two household pets. Despite these restrictions, the Declaration neither expressly prohibits nor expressly permits lot owners to rent their property. The Declaration does, however, include three distinct references to lot owners' tenants. In one specific instance, the Declaration defines "resident" to include not only the owners of lots "but also the lessees and tenants of such owners." Strictly construing the Declaration, it does not place any restrictions on owners' rights to rent their property. See *Sporn*, 175 Kan. at 199.

This conclusion is borne out by the conduct of the parties in this case. Lot owners in Four Colonies have been renting their properties since the association was created in 1971. As of 2005, approximately 100 to 115 of the lots were being rented by their owners. In 1997, Four Colonies proposed an amendment to the Bylaws that would have temporarily prevented lot owners from renting their properties, but Four Colonies withdrew the amendment because it subsequently determined that the proposed bylaw was in conflict with the Declaration.

We disagree with the district court's conclusion that the bylaw amendment did not conflict with the Declaration. The bylaw amendment essentially eliminated the right to rent property in the Four Colonies subdivision, except it contained a grandfather provision for lots that were currently being rented. More significantly,

the bylaw amendment required all lease agreements to be submitted to the board of directors for approval every 12 months. The amendment further granted the board the authority to terminate any lease and evict the tenant in the event the lot owner failed to comply with the requirements set forth in the Bylaws. The bylaw amendment contained extensive property use restrictions concerning the rental of property in the Four Colonies subdivision which only could be accomplished through an amendment to the Declaration.

The Declaration, as the enabling document, could have delegated authority to the Four Colonies' Board of Directors to impose property use restrictions through the passage of bylaws. In fact, one of the Declaration's provisions mentioning tenants states: "Any owner may delegate, *in accordance with the By-laws*, his right of enjoyment to the *Common Area and facilities* to the members of his family, his tenants, or contract purchasers who reside on the property." (Emphasis added.) This provision authorizes the board to pass bylaws that limit owners' rights to delegate their use of *common areas* to tenants. However, the district court improperly relied on this provision when it found that the Declaration authorized the board to restrict the owners' rental rights through a bylaw amendment.

Four Colonies draws this court's attention to the following By-laws provision: "These By-laws expand, interpret or specifically define certain portions of the Articles of Incorporation of the Four Colonies Homes Association and the Declaration of Covenants, Conditions and Restrictions to which it is subject." This provision was adopted in 1989. Four Colonies relies on this provision to support its argument that it had authority to limit rental rights through a bylaw amendment. However, this reliance is misplaced. The 1989 bylaw provision contains no reference to the property owners' rights to rent their properties. Based upon the Declaration and Bylaws filed of record, the Kiekels knew their property rights could be further restricted by an amendment to the Declaration. The Kiekels did not, however, have notice that their property rights could be further restricted by a bylaw amendment. Four Colonies

cannot circumvent the intent of the Declaration, the enabling document, by subsequently amending the Bylaws.

We conclude the district court erred in finding that Four Colonies could impose rental restrictions through an amendment to the Bylaws. The Declaration could have authorized Four Colonies to restrict the owners' rental rights had more specific language been utilized. In this case, however, it is clear that the Declaration intended any property use restrictions, including restrictions on renting, to be achieved through an amendment to the Declaration. Because Four Colonies failed to properly amend the Declaration, the bylaw amendment imposing rental restrictions is void and unenforceable. Based on this determination, it is unnecessary to address the other issues the Kiekels have raised on appeal.

We sympathize with Four Colonies' desire to eliminate complaints about rental properties and to maintain an attractive neighborhood. It may be true that restricting rental rights would enhance the property values of all lots in the Four Colonies subdivision. However, to impose restrictions on owners' rights to rent their properties, Four Colonies must do so through an amendment to the Declaration. We conclude the district court erred by denying the Kiekels' petition for declaratory judgment.

### Request for injunctive relief

In its cross-appeal, Four Colonies claims the district court erred in denying its counterclaim for injunctive relief. Four Colonies' request to enjoin the Kiekels from renting their property was based upon the language of the original Declaration. On appeal, Four Colonies argues the district court erred (1) in finding that the Kiekels' renting did not violate the Declaration's commercial use restriction and (2) in finding that the Kiekels' renting did not violate the Declaration's noxious activity restriction.

To obtain injunctive relief, the movant must show:

" '(1) there is a reasonable probability of irreparable future injury to the movant; (2) an action at law will not provide an adequate remedy; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest.' " *Empire Mfg. Co. v. Empire Candle, Inc.*, 273 Kan. 72, 86, 41 P.3d 798 (2002).

However, under the first factor, a movant does not have to independently show irreparable harm to obtain injunctive relief for the breach of a restrictive covenant. *Persimmon Hill First Homes Ass'n v. Lonsdale*, 31 Kan. App. 2d 889, 895-96, 75 P.3d 278 (2003).

The denying of injunctive relief involves the exercise of judicial discretion. Therefore, the district court's ruling should be reviewed by this court for abuse of discretion. *General Building Contr., LLC v. Board of Shawnee County Comm'rs*, 275 Kan. 525, 541, 66 P.3d 873 (2003). The party challenging the denial of injunctive relief bears the burden of proving the district court abused its discretion. *State ex rel. Stovall v. Meneley*, 271 Kan. 355, 380, 22 P.3d 124 (2001).

Furthermore, to determine whether the Kiekels' rental activity violated the Declaration's commercial use restriction and noxious activity restriction, this court must interpret the Declaration. The interpretation and legal effect of written instruments are matters of law, and an appellate court exercises unlimited review. *McGinley*, 279 Kan. at 431.

First, Four Colonies argues the Declaration's commercial use restriction prohibited the Kiekels from renting their properties. According to the Declaration, "[n]o building or structure of any sort may ever be placed, erected or used for business, professional, trade or commercial purposes on any of the property within [Four Colonies]." The district court determined that the rental of properties by the Kiekels was a permitted use of the property and did not constitute a use of the property for business purposes.

As we previously indicated, the Declaration neither expressly prohibits nor expressly permits lot owners to rent their property. The Declaration does, however, include three distinct references to lot owners' tenants, and in one instance the Declaration defines "resident" to include lessees and tenants on the property. It would make no sense for the Declaration to expressly refer to lessees and tenants and at the same time conclude that the rental of property violated the Declaration's commercial use restriction.

It appears that the commercial use restriction was intended to prevent lot owners from using their property as a commercial business. Just because the Kiekels earn rental income from their prop-

erty, this is not the same as conducting a commercial business on the property. As long as the Kiekels' lessees use the property as a residence, there is no violation of the Declaration's commercial use restriction. Thus, the district court did not err in denying the request to enjoin the Kiekels from renting their property based upon a violation of the Declaration's commercial use restriction.

Four Colonies also argues the Declaration's noxious activity restriction prohibited the Kiekels from renting their properties. According to the Declaration, "[n]o noxious or offensive activity shall be carried on within [Four Colonies] . . ., nor shall anything ever be done which may be or become an annoyance or nuisance to the neighborhood." Four Colonies argued to the district court that the Kiekels violated this restrictive covenant by failing to maintain their property and by failing to adequately control their tenants.

In denying injunctive relief, the district court first found that although Four Colonies had shown that tenants living in the subdivision were more likely than property owners to throw disruptive parties, have unauthorized people living with them, improperly store personal property, and fail to clean up after their pets, Four Colonies had failed to prove that the Kiekels' tenants were more likely than other tenants to engage in these activities. The district court also found that Four Colonies had failed to prove that the maintenance problems associated with the Kiekels' rental properties were worse than the maintenance problems associated with other properties in the subdivision.

Additionally, the district court concluded that Four Colonies could have addressed its concerns about the maintenance of the Kiekels' properties by taking advantage of its right to restoration. According to the Bylaws, Four Colonies has a right to restore property that a lot owner has failed to maintain and to add the cost of the restoration to the owner's annual assessment. On appeal, Four Colonies argues that its right to restoration is not an adequate remedy because "there is a significant risk to paying for these repairs up front, and then hoping to recoup these costs from unit owners." However, the Bylaws allow Four Colonies to bring a legal action against an owner for the nonpayment of assessments. As such, Four

Colonies has an action at law to address the maintenance problems associated with the Kiekels' property.

Four Colonies was essentially asking the district court to find that renting itself was a noxious activity. The district court recognized the general principle that an injunction is an equitable remedy. See *Persimmon Hill First Homes Ass'n*, 31 Kan. App. 2d at 892. The district court was especially concerned about granting the expansive remedy of enjoining the Kiekels from renting their property in order to prevent specific instances of noxious activity. Because of the broad scope of injunctive relief pursued by Four Colonies, we conclude the district court did not abuse its discretion in denying Four Colonies' claim for injunctive relief based upon a violation of the Declaration's noxious activity restriction.

In summary, the district court did not err in denying Four Colonies' request for injunctive relief. The Kiekels' renting of their property did not violate the Declaration's commercial use restriction or the noxious activity restriction. Furthermore, Four Colonies could not restrict the Kiekels from renting their property by amending the Bylaws rather than by amending the Declaration. The 2004 bylaw amendment imposing rental restrictions is void and unenforceable. Thus, the district court erred in denying the Kiekels' petition for declaratory judgment.

Affirmed in part and reversed in part.